Joseph M. Koehler, Respondent, v. Solomon Adler, Administrator, etc., Appellant.

*It seems,* that where, at the close of the evidence upon a jury trial, both parties ask the court to direct a verdict in their favor respectively, it will be assumed that they intend to waive the right of submission to the jury and consent that the court shall decide the questions of law and fact involved.

But this presumption is repelled when the party whose request is denied, thereupon asks to go to the jury upon the questions of fact.

A court or jury is not bound to adopt the statements of a witness, simply for the reason that no other witness has denied them, and that the char-

acter of the witness is not impeached; the witness may be contradicted by circumstances as well as by statements of others, contrary to his own, or there may be such a degree of improbability in his statements as to deprive them of credit, however positively made.

This action was brought to recover the amount of a loan alleged to have been made by plaintiff to A., defendant's intestate. Plaintiff produced a check made by himself, payable to the order of A., and indorsed by A. and another; two witnesses called by plaintiff testified to acts and admissions of A. to the effect that the check was given for a loan as alleged; their testimony was not directly disputed. It was shown, however, on the part of defendant, that plaintiff and A. were trustees of a corporation, the former also being treasurer and the latter president; that plaintiff paid out the corporate funds in his individual name; that plaintiff commenced an action against the corporation for advances made, and in the bill of particulars therein, which was an abstract of his cash book as treasurer, appeared an item under the same date as the check, and for the same amount, stated as paid to A.; that by an arrangement between plaintiff and A. the former took judgment, and for a good consideration A. was released from all personal liability; that plaintiff stated that this settled all matters between them; that the claim in suit was not then mentioned, nor at any time until nearly three years after A.'s death, and after expiration of notice to creditors to produce their claims. *Held*, that the case presented a question for the jury, and that the court erred in directing a verdict for plaintiff.

(Argued September 17, 1879; decided September 30, 1879.)

APPEAL from judgment of the General Term of the Superior Court, of the city of New York, affirming a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the facts appear sufficiently in the opinion.

*Samuel Boardman*, for appellant. Whether evidence is admissible or not is a question for the decision of the court alone, but after the testimony is admitted, its weight and the credit to be given thereto are questions for the jury alone. (Starkie on Evi. [9th ed.], 788; Greenleaf on Evi., vol. 1, 185.) Where, from other circumstances testified to in the case, statements made by uncontradicted witnesses are not entirely free from improbability, a refusal to submit the question to the jury, and a direction to find a verdict for the amount claimed is error. (*Kavanagh* v. *Wilson*, 70 N. Y.,

177; *Gildersleeve* v. *Landon*, 73 id., 609; *Powell* v. *Powell*, 71 id., 71.) The facts in this case being controverted, and the evidence of the plaintiff's witness not being free from improbability the evidence should have been submitted to the jury. (*Kavanagh* v. *Wilson*, 70 N. Y., 177; *Gildersleeve* v. *Landon*, 73 id., 609; *Masten* v. *Deyo*, 2 Wend., 424; *Besson* v. *Southard*, 10 N. Y., 240; *Huyme* v. *Blair*, 62 id., 19.) Any evidence tending to disprove the allegations and proofs of plaintiff is competent, although consisting entirely of affirmative proof of a contract different from that alleged by the plaintiff. (*Hibbard* v. *Houghton*, 70 N. Y., 54.)

*Wm. Henry Arnoux*, for respondent. A direction of a judge to a jury to find a verdict for one of the parties is always proper where a contrary verdict would be set aside, upon the ground that it was against evidence. (*Herring* v. *Hoppock*, 15 N. Y., 409; *Goelet* v. *Ross*, 15 Abb. Pr., 251; 3 Wait's Prac., 181.) When a fact, not in itself or, in view of attending circumstances, incredible or improbable, is positively and distinctly testified to by witnesses who are unimpeached and uncontradicted, it is error if the court submit to the jury as a fact the question whether such evidence is true. (*Moore* v. *Westervelt*, 1 Bosw., 357; *Godin* v. *B'k Commonwealth*, 6 Duer, 76; *Porter* v. *Haveur*, 37 Barb., 343; *Siebert* v. *Erie R. R. Co.*, 49 Barb., 583; *Robinson* v. *McManus*, 4 Lans., 330; *Besson* v. *Southard*, 10 N. Y., 236; *Millbank* v. *Dennistown*, 21 id., 386; *Lomer* v. *Meeker*, 25 id., 361; *Ellwood* v. *Western U. Tel. Co.*, 45 id., 549.) Both parties having requested the court to direct a verdict, were concluded from claiming that there was any question of fact to be submitted to the jury. (*O'Neill* v. *James*, 43 N. Y., 84.) As the pleadings contained nothing but a general denial, they did not authorize any affirmative defense. (*McKyring* v. *Bull*, 16 N. Y., 297.)

CHURCH, Ch. J. The action was for money loaned, and the verdict was directed by the court. The defendant alleges

error in not submitting the case to the jury. At the close of the evidence the plaintiff asked the court to direct a verdict in his favor, and the defendant then requested a like direction in his favor. The court stated that he thought the plaintiff entitled to the direction. The counsel for defendant then asked to go to the jury upon the question whether the debt in suit was ever contracted at all. This was denied, and an exception taken. Upon these facts we think that the defendant was entitled to go to the jury if the case warranted it. If nothing further had been done after both parties asked a direction of a verdict, it would be assumed that they intended to waive the right of submission to the jury, and consented that the court should decide the questions of law and fact involved. But after a request, and a refusal to direct a verdict, there is no absolute inconsistency in asking to submit questions of fact to the jury. It is not proper, ordinarily, to direct a verdict if there is any material question of fact which ought to be submitted, and it is error to make the direction in such a case. Parties may consent, however, that the court may pass upon all questions both of fact and law, and if they do they will be bound, and when both parties ask a direction this court will presume such consent. In this case the presumption is repelled by an express request to go to the jury upon a question of fact. Besides the court did not put the denial to submit the question of fact to the jury upon the ground that the defendant's counsel had irrevocably waived the right, but it was denied presumably upon the ground claimed here that the cause of action was proved by uncontradicted evidence, and that there was no question to submit, and that point is now before us for adjudication.

The action was brought to recover $2,500 loaned by the plaintiff to defendant's intestate on the 30th January, 1871, with interest, less $250 paid September 23d, 1874. The plaintiff produced a check made by himself, dated January 30, 1871, upon the Bullshead Bank, payable to the order of the defendant's intestate, and indorsed by him and another person. It is not claimed that this check is evidence of

money loaned, but, on the contrary, the presumption is that it was paid upon some debt or obligation owing by the plaintiff. The evidence relied upon is the testimony of two witnesses as to certain acts and admissions of the intestate, which, if true, did establish a cause of action. One of them testified that, in September, 1871, he was present when the plaintiff and intestate were together, and the former produced the check and requested payment, and charged the defendant that he procured the money fraudulently; that the defendant admitted it, and "begged him not to prosecute him as he knew he could bring him to Sing Sing." This witness also testified that he was present on the 23d of September, 1874, when the intestate paid $250 on the check, and agreed to pay the balance in a few months. Another witness, the brother of plaintiff, testified that he was present when the $250 were paid, and corroborates the first witness as to the payment, but relates the conversation somewhat differently from the first witness. The plaintiff's counsel insists that this evidence being uncontradicted, could not as a matter of law be disregarded, and if there was nothing else in the case, this position would be correct.

It is a general rule that the positive testimony of an unimpeached, uncontradicted witness cannot be disregarded by the court or jury arbitrarily or capriciously (*Lomer* v. *Meeker*, 25 N. Y., 361), but in applying this rule, great care should be exercised. In *Elwood* v. *The Western Union Telegraph Co.* (45 N. Y., 549), RAPALLO, J., in delivering the opinion of this court said: "But this rule is subject to many qualifications. There may be such a degree of improbability in the statements themselves as to deprive them of credit, however positively made. * * And furthermore, it is often a difficult question to decide when a witness is in a legal sense uncontradicted. He may be contradicted by circumstances as well as by statements of others contrary to his own. In such cases courts' and juries are not bound to refrain from exercising their judgment, and to blindly adopt the statements of a witness for the simple reason that no

other witness has denied them, and that the character of the witness is not impeached." The general rule was held not to apply in *Kavanagh* v. *Wilson* (70 N. Y., 177), where it was inferred that the witness might be interested in the recovery, and it appeared that the statement was not entirely free from improbability. It appeared in this case that on the 30th day of January, 1871, when the alleged loan was made, and for a considerable period prior and subsequent thereto, the plaintiff and decedent were trustees of a corporation known as the "Stonewall Oil Company," the decedent being president, and the plaintiff treasurer; that the plaintiff received, and paid out upon checks, the funds of said company in his individual name; that while said parties occupied this position the plaintiff commenced an action against said company for a large sum claimed to be his due for advances made; that in the bill of particulars furnished in said action, which was an abstract from the cash-book kept by the plaintiff of receipts and disbursements for the said corporation, an item appeared under date of January 30, 1871, of $2,500 paid to the decedent; that during the pendency of said action, and in the year 1873, an arrangement between the plaintiff and decedent was made, by which it was agreed that no evidence should be interposed on behalf of the company, and that plaintiff should be allowed to take judgment for the amount which the referee should report, and by which, in consideration of $5,000, secured to be paid, the decedent was released from any personal liability on account of said alleged indebtedness to the plaintiff, and the decedent assigned to the plaintiff all his interest in the property of the corporation. Mr. Boardman, counsel for the defendant in that action, and in this, testified that, after the release was given, he said to both parties: " This settles all the matters between you, does it not?" and they both replied, " it does."

This claim was not mentioned at that time, nor at any time, until nearly three years after the intestate died, and a considerable period after the expiration of notice to creditors

to produce their claims. In view of these, and some other circumstances, it cannot be affirmed as matter of law that the evidence of the two witnesses produced by the plaintiff was entirely undisputed and uncontradicted. No explanation was given of the item of $2,500 charged to the company on the same day of the alleged loan, and but one voucher was produced which might as well serve for that charge as the loan. It is not needful to determine how the fact was, but only that there were circumstances tending to show that the alleged loan was in fact money advanced to the company. It may be that the evidence of these two witnesses ought to outweigh all the circumstances referred to. All that we intend to decide is that it was a question of fact for the jury, and not one of law for the court, and that the rule invoked is not applicable to the case. It follows that the judgment must be reversed, and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.