## LACY v. GETMAN.

*(Supreme Court, General Term, Fourth Department. July, 1888.)*

1. MASTER AND SERVANT—DEATH OF MASTER DURING SERVICE—COMPENSATION.
   Plaintiff was employed to work by defendant's testator for one year at a fixed price. During the year testator died, but plaintiff continued to work until the expiration of the year. *Held*, that he was entitled to recover the agreed sum, with interest.

2. TRIAL—VERDICT—SUFFICIENCY OF EVIDENCE.
   The evidence being conflicting upon a point, the verdict of the jury thereon will not be set aside as contrary to the evidence.

3. APPEAL—REVIEW—DECISION ON FORMER APPEAL.
   Upon a second appeal, the supreme court will follow its former decision so far as the questions are the same as before.

Appeal from circuit court, Jefferson county.

Appeal from a judgment entered upon a verdict taken at the Jefferson circuit for the plaintiff, and also from an order denying a motion for a new trial made upon the minutes "on the grounds that the verdict is excessive, and is contrary to the evidence given upon the trial, and is contrary to law; and also upon the exceptions taken at the trial by the defendant to the rulings of the court." The verdict for the plaintiff was for $256.50. For opinion on former appeal, see 35 Hun, 46.

Argued before HARDIN, P. J., and FOLLETT and MARTIN, JJ.

*Dorwin & Brown*, for appellant.      *W. A. Nims*, for respondent.

HARDIN, P. J. Defendant's answer consists of denials, and for a defense "the defendant alleges that after July 17, 1882, the date of the death of John H. McMahan, the plaintiff was in the service and employ of one Lany McMahan, the widow of said John H. McMahan, and so continued until March 1, 1883." No other defense is stated in the answer, and the plaintiff, therefore, by answer was not apprised of any intention on the part of the defendant to insist that by virtue of the statute of frauds the contract alleged in the complaint was void. However, evidence was given upon the subject of whether the contract was to be performed within one year from the time it was made. Upon that subject there was a conflict in the evidence, and the trial judge very properly submitted the question of fact to the jury. Their verdict is to the effect that the contract was made on the 1st of March, for a year's service. Under the evidence given, we think that question was one of fact, upon which the verdict of the jury should be regarded as final. *Kavanagh* v. *Wilson*, 70 N. Y. 177; *Koehler* v. *Alder*, 78 N. Y. 287; *Wohlfahrt* v. *Beckert*, 92 N. Y. 491. We must regard the verdict of the jury as finding

that there was a contract for one year's service, and that the plaintiff entered upon the performance of the contract, and continued in the excution of the contract until the end of the year, although the employer died on the 7th of July, during the running of the year of the contract; the plaintiff continued in the execution of the contract for a year's services, and the jury have awarded him the amount which the contract stipulated he should receive, with interest thereon.

I think the decision made by this court in *Lacy* v. *Getman,* 35 Hun, 46, covers the other questions involved in this appeal, and that it is our duty to follow our decision then made, and that, so far as this court is called upon to pass upon the question, it is our duty to adhere to the opinion delivered by Mr. Justice BOARDMAN on the occasion referred to. I therefore advise an affirmance of the judgment and order appealed from. The trial judge apparently with care and caution and with accuracy followed the tenor of the doctrine laid down by Mr. Justice BOARDMAN in the opinion to which allusion has been made. Judgment and order affirmed, with costs.

FOLLETT and MARTIN, JJ., concurred.