## GREEN v. SHUTE et al.[1]

*(Common Pleas of New York City and County, General Term.* December 2, 1889.)

1. PARTNERSHIP—POWER TO BIND RETIRING PARTNER.
    At the time of the dissolution of the firm of B. & S., B. executed a note for $900 to plaintiff in the firm name. There was undisputed evidence that at that time B. & S. owed plaintiff $715 for services. Plaintiff testified that the note was given in settlement of wages, and for money which he had loaned to B. & S. S. denied that any loan was made to the firm, to him, or in his presence to B., and denied any knowledge of the giving of the note therefor. Plaintiff continued in the employ of B. after the dissolution. It appeared that he received two checks from B. for $500 each, made by S. to B.'s order. He testified that these were given him for wages due him from B. alone. There was no evidence for what purpose S. gave the checks to B. *Held,* that the evidence was sufficient to support a verdict for plaintiff against B. & S. for the full amount of the note.

2. TRIAL—DIRECTION OF VERDICT.
    Where both parties request the direction of a verdict, neither can afterwards object that there were questions of fact which should have been submitted to the jury.

Appeal from city court, general term.

Action by Shirley J. Green against Noah B. Shute and Charles O. Bailey. Defendant Shute appeals from a judgment of the general term of the city court affirming a judgment of the trial term of said court, entered on the verdict of a jury directed by the court for the sum of $1,082.70; and from an order of said general term affirming an order of the trial term denying defendant's motion for a new trial on the minutes.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.

*Seaman & Conger,* for appellant.   *Wm. G. McCrea,* for respondent.

DALY, J.   At the close of the proofs both parties moved for a direction of a verdict, and a verdict was directed for plaintiff. To this direction the defendant excepted, and his exception brings up the question whether there was evidence to sustain the verdict. Appellant cannot be heard to urge that there were questions of fact in the case which should have been submitted to the jury. Where both parties ask for a direction of a verdict, they concede that there is no dispute upon the question of fact, and that there was left for decision only a question of law upon an uncontradicted state of facts. *Leggett* v. *Hyde,* 58 N. Y. 275; *Koehler* v. *Adler,* 78 N. Y. 287.

There was ample evidence to sustain the verdict. The action was upon a promissory note for $900, made by defendant Bailey in the name of his firm, Bailey & Shute, on December 31, 1885, payable to plaintiff on demand. The defense admitted the copartnership of defendants on that date, and set up that the note was made by Bailey in fraud of his firm, and that no amount was then due from the firm to plaintiff, and there was no consideration for the note, and also that the note had been paid. The defendant Shute, who alone appeared and answered, had the affirmative on the trial, and read the deposition of plaintiff, by which it appeared that he was in the employ of defendants' firm as their foreman; that previous to December 31, 1885, and when the firm first commenced business, he had loaned to Bailey & Shute together, personally, the sum of $185, and received their note for that amount; that when the note in suit was given on December 31, 1885, there was due him a balance of $715 for wages, besides the $185, and the note in suit was given for the total amount then due; the original note for $185 being then delivered up to Bailey. The amount due for wages was figured up between the plaintiff and Bailey from the firm books and plaintiff's own accounts, and the balance, $715, as above, found due. The plaintiff's wages were $18 per week. He swore that he worked for the parties after that until the fall of 1887, when they stopped business, and Bailey went away. That he received money from them from

[1]Affirming ante, 69.

time to time on account of wages. That in 1887, at different times, he received two checks of $500 each, made by Shute to Bailey's order, which Bailey indorsed over to him. They were for the balance of wages owing him outside of the note in suit. That he got the checks by asking. money from Bailey on account of money due him for wages, Bailey going each time to Shute, and getting a check; that no part of the note in suit had been paid. The defendant Shute, sworn on his own behalf, denied that any loan of $185 was made by plaintiff to the firm, to him, or in his presence to Bailey, and denied any knowledge of the giving of the note therefor. He also testified, and it was conceded by plaintiff's counsel, that the firm of Bailey & Shute dissolved on January 1, 1886, but he admitted that Bailey remained after that at the old place of business, carrying on the same business; that plaintiff continued to be employed there, and that he (Shute) was occasionally at the old place, and had business transactions with Bailey; and that he finally took possession of the place and business under foreclosure of a mortgage he held thereon, Bailey going away.

It is claimed by defendant that as the note in suit was in settlement of wages up to the time of the dissolution, and nothing could be owing plaintiff from Shute after that date, the $1,000 subsequently paid in the two checks in question must have been given in payment of that prior indebtedness, and so extinguished the note sued on. But it appears that these two checks were not made payable to the order of plaintiff. They were made by Shute to the order of Bailey, and were evidently a loan to the latter to pay the wages he owed to plaintiff, or an advance or payment on account of some transaction between the former partners. · Plaintiff asked Bailey for money on account of wages due from Bailey to him. Bailey went to Shute, got the checks to his own order, and indorsed them over to plaintiff. Shute does not state on what account he delivered these checks to Bailey, and there is nothing whatever to · show that they were intended as a payment of the old firm's indebtedness to plaintiff. The defense of payment, therefore, wholly failed. There was no evidence offered to show that the old firm was not indebted to plaintiff in the sum of $715 on December 31, 1885, and the only question of fact in the case as to the $185 was whether the loan of $185 was made to Bailey personally, or to Bailey & Shute; and the testimony of plaintiff in that regard is contradicted in only one particular by Shute,—that is, as to the latter's being present at the time the loan was made. If defendant desired to have that question of fact submitted to the jury, he should have asked for such submission after the denial of his request for a direction of a verdict in his favor. Where, after both parties asked direction of a verdict, nothing is done in the way of asking for the submission of any particular question of fact to the jury, it will be assumed that they waive the right of submission to the jury, and consent that the court shall decide the questions of law and fact involved. *Koehler* v. *Adler*, above.

The evidence was ample to support a verdict of a jury in plaintiff's favor on the issues involved, and the decision of the court, under the circumstances, upon the same state of facts, cannot be disturbed.

The judgment and order appealed from should be affirmed, with costs. All concur.