### GREEN *v.* SHUTE *et al.*[1]

(*Common Pleas of New York City and County, General Term.* December 2, 1889.)

1. APPEAL—PRACTICE—SETTLEMENT OF CASE.
    Where a motion to resettle a case is denied on affidavits, it cannot be assumed by an appellate court that there was other proof than the affidavits before the trial court which warranted the omission of a certain matter from the case.

---

[1] Affirming ante, 69.

2. TRIAL—DIRECTION OF VERDICT.
    Where defendant's request to submit a question to the jury has been granted, and on another ground he asks a direction of a verdict, he waives the right of submission, and consents to the decision of law and fact by the court.

3. SAME—APPEAL—WHAT REVIEWABLE.
    An appeal on exception to the direction of a verdict only brings up for review the question whether there was evidence to sustain the verdict, not the question whether the fact should have been submitted to the jury.

Appeal from city court, general term.

Action by Shirley J. Green against Noah B. Shute, impleaded with Charles O. Bailey. Defendant Shute appeals from an order of the general term of the city court dismissing, with costs, an appeal from an order of the special term of said court denying defendant's motion to resettle the case on his appeal from the judgment in this action.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.

*Slaman & Conger*, for appellant. *Wm. G. McCrea*, for respondent.

DALY, J. It appears from the affidavits read upon the motion for a resettlement that, after the defendant had rested, he having the affirmative, plaintiff asked for the direction of a verdict in his favor, and defendant asked to go to the jury on the question of the loan; that the court intimated that there was sufficient to submit to the jury on that question; that defendant then asked for the direction of a verdict in his favor upon the question of payment, and the plaintiff thereupon renewed his motion for the direction of a verdict in his favor, which the court granted. On settling the case the judge omitted the request of the defendant for leave to go to the jury on the question of the loan. Defendant urges that it is material to his appeal to have it inserted, claiming that after such a request it was error to direct a verdict for the plaintiff. The city court held that the settlement of the case by the trial judge was conclusive, because there was a dispute as to what had occurred. I do not find that there was a dispute upon this point, because the statement above set forth is taken from the affidavit of plaintiff's attorney, which agrees with that of defendant's counsel on the question in controversy. As the order appealed from was made, as is recited, upon the affidavits, we cannot assume that there was any other proof before the trial judge which warranted the omission from the case of the matter in question.

It seems to me, however, that it would be a waste of the time and the money of the litigants to reverse this order, and the judgment of affirmance entered upon the appeal, which was heard upon the case as settled, if the matter which the appellant desired to have inserted in the case is immaterial, and I am satisfied that it is. The rule is that where both parties ask a direction of a verdict the court will presume that they consent that the court may pass upon all questions of fact and law; but after such request and refusal there is no absolute inconsistency in asking to submit questions of fact to the jury. If nothing be done, however, after both parties ask a direction of a verdict, it will be assumed that they intend to waive the right of submission to the jury, and consent that the court should decide the questions of law and fact involved. *Koehler* v. *Adler*, 78 N. Y. 287. In this case the defendant, after plaintiff had asked for a direction of a verdict in his favor, requested the court to submit one question of fact to the jury. The court decided that he was entitled to have that question submitted. Whereupon defendant, instead of availing himself of the permission he had asked for, requested a direction of a verdict in his favor upon another ground. The two requests were absolutely inconsistent, and by making the latter he must be held to have abandoned the former; and, by not renewing the request for submission after the motion for a direction was refused, he must be held to have acquiesced in the decisions of law and fact by the court.

It did not affect any right of the appellant for the trial judge, in settling the case, to exclude the request to go to the jury which had been abandoned after it had been granted. There was nothing for the appellate court to review in connection with that request. The motion for a new trial "upon the exceptions, and because the verdict was contrary to law," did not bring it up for review. The exception to the direction of a verdict only brought up for review the question whether there was evidence to sustain the verdict, not the question whether the fact should have been submitted to the jury. The latter.could only be raised upon exception to a refusal to so submit after a direction of a verdict in appellant's favor had been refused; but no request for the submission of any fact to the jury was made after such refusal, and no exception to a refusal to submit was ever taken. The case was therefore properly settled, and the order appealed from should be affirmed, with costs.

All concur.