ABEL A. CROSBY et al., Appellants, *v.* THE PRESIDENT, ETC., OF THE DELAWARE AND HUDSON CANAL COMPANY, Respondent.

In an action to recover damages for the alleged conversion of a quantity of lumber, which had been transferred to plaintiff by the firm of G. & E. H., it appeared that said firm, having contracted to build two boats for defendant, ordered lumber of it; the order specified kinds and quantities, but no prices; the lumber was forthwith delivered, accompanied by a bill, in which the firm was described as debtors to defendant for the lumber, and the quantity, kind and price were set forth. Defendant was not required by the contract to furnish any lumber, nor were the contractors required to purchase any from it. It did not appear there were any negotiations between the parties prior to the delivery of the lumber as to the terms and conditions on which the lumber was to be furnished. Defendant proved that it kept on hand lumber for building boats, including pieces specially shaped, which it used for that purpose, and also furnished to builders having contracts with it, but only to be used in boats built for it, and that the value of the lumber so furnished was deducted from the price of the boat in which it was used, which custom was known to G. & E. H. At the close of the evidence a motion by defendant's counsel for a nonsuit was granted. *Held*, error; that the question whether there was a bailment or a sale was for the jury.

(Argued January 20, 1890; decided February 25, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made September 16, 1889, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial at circuit.

This action was brought to recover damages for the conversion of a quantity of lumber which had been transferred to plaintiffs by the firm of George & Edward Harnden, in payment of a debt of which defendant claimed to be the owner.

The material facts are sufficiently stated in the opinion.

*S. L. Stebbins* for appellant. If, in any view of the evidence, taken in its most favorable light, a verdict may be rendered for the plaintiff, or if there are questions of fact which may be determined for the plaintiff, and, if determined in his favor, will entitle him to recover, the case should not

be taken from the jury by a nonsuit. (Baylies' Trial Practice, 219; *Clemence* v. *City of Auburn*, 66 N. Y. 334, 338; *Thompson* v. *Lumley*, 50 How. Pr. 105; *Carl* v. *Ayres*, 53 N. Y. 14; *Bickett* v. *Taylor*, 55 How. Pr. 126; *Colt* v. *S. A. R. R. Co.*, 49 N. Y. 671; *Heyne* v. *Blair*, 62 id. 19; *Freund* v. *I. & T. N. Bank*, 3 Hun, 689, 690; *Morss* v. *Osborn*, 64 Barb. 543.) Where a party is nonsuited upon the motion of his adversary, over his objection and exception, he may insist upon a review of the decision, not only that the trial judge erred in the application of the law to the facts as viewed by him, but that he erred in his conclusion of fact, or that there were disputed questions of fact which should have been submitted to the jury; and if the appellate court determine that the appellant is right in this contention, it will reverse the judgment and order a new trial although the appellant did not request that the whole case or any specific question of fact therein be submitted to the jury. (Baylies on N. T. & App. 185; *Clemence* v. *City of Auburn*, 66 N. Y. 334, 338; *Stone* v. *Flower*, 47 id. 566; *Frecking* v. *Rolland*, 53 id. 422, 424; *Train* v. *H. P. Ins. Co.*, 62 id. 598, 604; *Trustees, etc.*, v. *Kirk*, 68 id. 459, 464.) The plaintiffs did not, by moving the court to direct a verdict in their favor, waive their right to ask to go to the jury. (Baylies on N. T. & App. 186; *Koehler* v. *Adler*, 78 N. Y. 287, 290.) The trial judge erred in nonsuiting the plaintiffs, and unless he should have directed a verdict in their favor, the case should have been submitted to the jury. (*Powell* v. *Powell*, 71 N. Y. 71, 73; *Hart* v. *H. R. B. Co.*, 80 id. 622; *Justice* v. *Lang*, 52 id. 323; *Buffum* v. *Merry*, 3 Mason, 478.) The plaintiffs were entitled to recover some amount of damages, even if the defendant had title to the lumber and a right to its possession. *Stevens* v. *Hyde*, 32 Barb. 171, 181; *Esmay* v. *Fanning*, 9 id. 176, 189, 190; *Ryerson* v. *Kauffield*, 13 Hun, 387, 388; *Sluyter* v. *Williams*, 37 How. Pr. 109; *Powers* v. *Bassford*, 19 id. 309; *White* v. *Brown*, 5 Lans. 78; *Rawley* v. *Brown*, 18 Hun, 456, 457; *Bliss* v. *Cottle*, 32 Barb. 322; *White* v. *Dods*, 42 id. 554, 562, 565; *Lacker* v. *Rhoades*, 45 id. 499; *Howell* v.

*Kroose,* 2 Abb. Pr. 167 ; *Fuller* v. *Lewis,* 13 How. Pr. 219 ; *Talcott* v. *Belding,* 46 id. 419, 421, 422 ; *Van Rensselaer* v. *Jewett,* 2 N. Y. 135 ; *People* v. *M. T. & T. Co.,* 64 How. Pr. 120, 126, 127 ; *Weber* v. *Kingsland,* 8 Bosw. 415, 425.) The trial judge erred in refusing to strike out the testimony of Larter, that he sent the bill for the lumber to the Harndens so as to give them information of what lumber had been sent. (*Taft* v. *Dickinson,* 6 Allen, 553.) The plaintiffs' motion to the court to direct a verdict in their favor should have been granted. (*Bigelow* v. *Legg,* 102 N. Y. 652, 654.)

*F. S. Westbrook* for respondent. Parol evidence was admissible, to show that the bill was not sent as a contract of sale, nor as a memorandum of the antecedent parol agreement but merely as information to the Harndens for how much they must account for the lumber sent them to be used in building the boats. (Benjamin on Sales, § 209 ; *Eighmie* v. *Taylor,* 98 N. Y. 296, 297 ; *Briggs* v. *Hilton,* 99 id. 526 ; *Grierson* v. *Mason,* 60 id. 394 ; *U. T. Co.* v. *Whiton,* 97 id. 178 ; *McMaster* v. *Ins. Co.,* 55 id. 228 ; *Plough* v. *Dairs,* 96 U. S. 336 ; *Brick* v. *Brick,* 98 id. 516 ; *Hazard* v. *Loring,* 10 Cush. 267 ; *Quin* v. *Lloyd,* 41 N. Y. 349, 355 ; *People* v. *Chacon,* 102 id. 671.) It is evident that the bill was sent for the reason only that the Harndens would want, and were entitled to know, what lumber had been sent to them, whether it was a sale or a bailment. (*Downey* v. *Rowell,* 22 Vt. 347 ; *Foster* v. *Pettibone,* 7 N. Y. 431, 437 ; *Dwight* v. *Ins. Co.,* 103 id. 352, 353, 358, 359 ; *Cagger* v. *Lansing,* 64 id. 427.) The Harndens did not retain the possession of the property for the purpose for which they received it, but wrongfully parted with that possession by an attempted sale, and thus subjected themselves to an action of conversion without a previous demand. (*Esmay* v. *Fanning,* 9 Barb. 190 ; *Spencer* v. *McGinn,* 13 Wend. 256 ; *Manning* v. *Keenan,* 73 N. Y. 59 ; *Scribner* v. *Beach,* 4 Denio, 451 ; *Boyce* v. *Brockway,* 31 N. Y. 490, 493 ; *Pease* v. *Smith,* 61 id. 480.)

ANDREWS, J. The transaction between the defendant and the Harndens was either a bailment of the lumber or a sale. Regarding it as a bailment, it was a bailment to be transmuted into a sale when the Harndens should use the lumber in building the boats, and thereby incorporate it with other lumber and materials required in their construction. It was not contemplated that the title to the boats should vest in the defendant until completion and acceptance. The consent of the defendant that the Harndens might use the lumber in the construction of the boats must be conceded. The bailment would necessarily terminate and the title to the lumber would, by operation of law, vest in the Harndens, when it became, by the consent of the defendant, mingled with the lumber and materials of the Harndens in the process of constructing the boats. If, after the boats had been constructed, the Harndens had refused to perform their contract, or to deliver the boats to the defendant, the latter could not have asserted title to them on the ground that the lumber furnished by the company went into their construction. The Harndens would, in the case supposed, be liable for the value of the lumber as upon a purchase and sale, and possibly the defendant might enforce a lien on the boats to the extent of such value in view of the circumstances.

There was no objection in law to an arrangement between the defendant and the Harndens, that until the lumber was actually used for the purpose intended the title should remain in the defendant. The point is whether the evidence conclusively establishes this to have been the arrangement, or could the jury have been permitted, if the case had been submitted to them, to find that the transaction at the outset was a sale to the Harndens.

The contract for the boats was made November 8, 1882, by the acceptance by the Harndens of a written proposition of the defendant, that if they would build two boats during the following winter for delivery in the spring, " the company will take them at twelve hundred dollars ($1,200), subject to inspection and approval by the company inspector." The

lumber in question was ordered by the Harndens of the defendant's agent November 21, 1882, and was delivered on or about the twenty-fourth. The contract for building the boats did not require the defendant to furnish any of the lumber, nor did it require the Harndens to procure any from the defendant. The order for the lumber specified kinds and quantities, but no prices. The defendant's agent, on forwarding the lumber, sent a bill for the lumber, commencing "Messrs. G. & E. Harndens, To The Delaware & Hudson Canal Co., Dr.," and this is followed by a specification of the quantity, kind and price of each description of lumber sent, the prices aggregating $412.77. The bill was partly written and partly printed, the ordinary billhead of the company being used, and the words "To The Delaware & Hudson Canal Co., Dr.," were printed. It does not appear that there were any negotiations between the parties prior to the delivery of the lumber as to the terms and conditions on which it was to be furnished. The defendant, however, gave evidence showing that it kept on hand pine lumber for building boats, including pieces specially shaped, which it used in building boats at its own yards, and also furnished to boat builders having contracts to build boats for the defendant, but it was furnished to third persons only for the purpose of having the same used in such boats, and that the value of the lumber furnished was deducted from the price of the boat, and that this custom was known to the Harndens. The bill of items is some evidence that the transaction was understood as a sale, although not conclusive. Whether a sale or a bailment, in either case, the sum to be charged for the lumber was a matter in which both the Harndens and the company were interested. The custom of the defendant to supply lumber only for use in its boats, and to take the value out of the price of the boat, does not seem necessarily inconsistent with a sale. The Harndens testified that formerly they paid cash on delivery of lumber furnished by the defendant for boats which they built for the company, and that later the custom was to deduct the value of lumber so furnished from the price to be paid for the boat when com-

pleted on delivery.    It is insisted by the counsel for the plain-
tiffs that the jury might have found that the change made
was from cash to credit sales, the credit extending to the time
when, by the contract, the boat was to be completed.    We
think it would not be useful to go further into the details
of the evidence.    There seems to be but little equity in the
claim of the plaintiffs to have the lumber applied on their
debt.    But we think the question whether there was a bail-
ment or a sale was for the jury.

The judgment should, therefore, be reversed and a new trial
ordered.

All concur except PECKHAM, J., not sitting.

Judgment reversed.