CROSBY *et al. v.* PRESIDENT, ETC., OF DELAWARE & H. CANAL CO.

(*Supreme Court, General Term, Third Department.* February 4, 1891.)

WHAT CONSTITUTES SALE—QUESTION FOR JURY.

    Defendant canal company agreed with certain boat-builders to take boats to be built by them at a certain price. Defendant kept lumber adapted for such boats, to be furnished to builders, not for sale generally, and had supplied such lumber to these builders for other boats constructed by them, for which they at first had paid cash, but afterwards the price of the lumber was deducted from the price of the boat. For the boats in question, also, defendant furnished lumber on the builders' order, and sent them a bill therefor, with items and prices. The builders became insolvent, did not build the boats, and sold the lumber to plaintiffs, from whom defendant afterwards took it without permission. *Held,* in an action for conversion by such taking, that it was a question for the jury whether the transaction was a bailment or a sale.

Appeal from circuit court, Ulster county.

Action by Abel A. Crosby and others against the president, managers, and company of the Delaware & Hudson Canal Company, for damages for the alleged wrongful taking by the defendant of a quantity of lumber, which G. & S. Harnden had sold the plaintiffs, in part payment of a past indebtedness. The defendant had furnished the lumber to the Harndens to be used in building two canal-boats for the defendant. The main question is whether the Harndens were the vendees or bailees of the lumber. The Harndens were boat-builders at Aligerville, on the line of the defendant's canal. They had never built a boat for any one else than the defendant, but were repairers of other boats. The defendant kept lumber specially adapted for building the boats it required, not for sale generally, but only for use by boat-builders in building boats for defendant. The Harndens built a boat for the defendant in 1878, and bought some of the lumber from defendant, paying cash for it. Afterwards they ordered and received lumber from the defendant, and built boats for it, using the lumber upon such boats, and giving defendant receipts for its price as part payment upon the price of the boats. The defendant had declined to furnish the Harndens with lumber, except for use in constructing boats for defendant. On the 8th of November, 1882, the defendant wrote to the Harndens as follows: "If you wish to build two boats during the coming winter for delivery upon opening of navigation next spring, the company will take them at $1,800 each, subject to inspection and approval by the company inspector." The Harndens accepted the proposition, and November 31st following sent to defendant's superintendent a written order: "Please send us pine 2x7 4,000 feet," etc.; specifying other kinds and quantities. The defendant forwarded the lumber by boat to the Harndens, with following bill: "*Rondout, N. Y., Nov.* 24, 1882.   Messrs. G. & E. Harnden, *To the Del. & Hudson Canal Co., Dr.*   1,284 feet oak planed, @ $53, $68.05;" and two other items,—total, $412.77.   The parts of the bill in italics were printed.

the rest written.   When the Harndens received the lumber, they intended to use it in building the two boats for the defendant, but they became insolvent, did not build the boats, and sold the lumber to the plaintiffs, from whose possession the defendant subsequently took it without permission.   Defendant appeals from a judgment for plaintiffs entered on the verdict of a jury, and from an order denying a motion for a new trial.   For former reports, see 5 N. Y. Supp. 949, *mem.;* 8 N. Y. Supp. 936, *mem.;* and 23 N. E. Rep. 736.

LANDON, P. J., and LANDON and MAYHAM, JJ.

*F. L. & T. B. Westbrook,* for appellant.  *Lawton & Stebbins,* for respondent.

LANDON, J.   The court of appeals, reviewing this case as it appeared upon a former trial, held that it was a question for the jury whether the transaction was a bailment or a sale.   119 N. Y. 334, 23 N. E. Rep. 736.   The case now presents the same facts which the court of appeals commented upon, some as indicating a bailment, others as indicating a sale.   There are a few additional facts, but some tend to support the one conclusion, and others the other.   We discover no error in the rulings of the trial court to the prejudice of the defendant.   Judgment affirmed, with costs.   All concur.