So, the declarations of a foreman, after the accident, are not admissible against his employer. Whalen *v*. S. G. L. Co., 32 N. Y. St. Rep. 48.

So, the declarations of an engineer, who was not in charge, as to the condition of the boiler and the thoroughness of the repairs, are inadmissible against master. Ballard *v*. Hitchcock Mfg. Co., 61 Hun, 618.

So, the subsequent declarations of a street commissioner are incompetent, to bind a municipal corporation on the question of negligence. Sherman *v*. Oneonta, 59 Hun, 294.

---

ABEL A. CROSBY *et al*., Respondents, *v*. THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, Appellant.

*Court of Appeals, October 6, 1891.*

*Evidence. Parol.*—Where a bill of goods is introduced in evidence by the party to whom it was sent as an admission, by the sender, of a prior sale, parol evidence on the part of the latter to show the purpose for which it was sent and to explain its meaning and significance, is admissible.

Appeal from judgment of the supreme court, general term, third department, affirming judgment in favor of plaintiffs.

*F. L. Westbrook*, for appellant.

*S. L. Stebbins*, for respondents.

ANDREWS, J.—The judgment of nonsuit rendered on the first trial of this action was reversed by this court on the ground that there was some evidence given on the trial tending to show that there was an absolute sale of the lumber to the Harndens. 119 N. Y. 334; 29 N. Y. State Rep. 453. On the second trial the plaintiffs recovered a verdict and the judgment thereon was affirmed by the general term, and this appeal is from the judgment of affirmance.

The issue presented to the jury was, whether the trans-

action between the defendant and the Harndens was a purchase and sale of the lumber out and out, or only a conditional sale or bailment. The claim on the part of the defendant is, that it was the intention of the parties that the title to the lumber should remain in the defendant until the lumber had been used by the Harndens in the construction of the boats. The clear preponderance of evidence is in favor of this contention, but we should not feel at liberty to disturb the verdict upon this issue, provided there were no valid exceptions to rulings on evidence taken by the defendant. The evidence scarcely leaves room to doubt that the defendant furnished and the Harndens received the lumber on the understanding that it was to be used only in the construction of the two boats which the Harndens had contracted to build for the defendant. It is also quite evident that the defendant was to get the value of the lumber by deducting it from the purchase price of the boats.

The vital question was, in whom was the title to the lumber after delivery and before it was used by the Harndens for the purpose for which it was furnished. The plaintiffs, in order to establish that there was an absolute sale of the lumber to the Harndens, introduced an order in writing signed by the Harndens, addressed to the agent of the defendant, dated November 21, 1882, commencing with the words " Please send us," followed by a specification of various kinds and qualities of lumber, and closing with the words " please send by William Steven, if possible, and oblige Geo. & E. Harnden." The lumber ordered was sent by the defendant, and after shipment the agent of the defendant sent by mail to the Harndens a bill, partly written and partly printed, the same being made out on one of the blank billheads used by the defendant. The bill, after the date, reads : " Messrs. G. & E. Harnden, to the Delaware & Hudson Canal Co., Dr.," and then follows a list of the lumber and the prices of the various kinds. The plaintiffs introduced the order and bill as evidence that the transaction was a purchase

and sale. It will be noticed that the order was consistent with either view of the transaction ; that taken by the plaintiffs or that insisted upon by the defendant. The bill, while it might imply a purchase and sale of the lumber in the usual course, is also consistent with the transaction as claimed by the defendant, viz., a conditional sale at the prices named, the object of the bill being merely to advise the Harndens of the amount and qualities of the lumber shipped and the prices which would be charged against the boats on the lumber being used therefor.

The defendant's counsel offered to show, by the agent who sent the bill, that it was sent merely as a memorandum of the value of the lumber and to notify the Harndens for what amount they would be required to account on the settlement of the boat contract. The court overruled the offer and excluded the evidence. We think the evidence was competent. The bill was admissible in behalf of the plaintiff as an admission. It was not made contemporaneously with the contract, but after the order had been made and the lumber supplied. The parol explanation of the purpose for which the bill was sent was not an attempt to alter or vary a written contract. The bill, sent after the contract was made, had an equivocal significance, at least with the parol explanation offered, it would bear an interpretation consistent with the transaction as claimed by the defendant. It was competent to show the purpose for which the bill was sent, to explain its real meaning and significance. If in fact there was a present sale of the lumber made out by other and undisputed evidence, then the purpose of sending the bill would be immaterial. But the plaintiff having used the bill as an admission of a prior sale, the explanation should have been allowed for the consideration of the jury. Even if the bill was made out concurrently with the contract, and was part of the *res gestæ,* it is not a writing having such a complete and decisive character as would render the proposed evidence inadmissible. See Hazard v. Loring, 10 Cush. 267.

For the error in excluding the evidence the judgment should be reversed and a new trial ordered.

All concur, except FINCH, J., absent.