CROSBY et al. v. PRESIDENT, ETC., OF DELAWARE & H. CANAL CO.

(Supreme Court, General Term, Third Department. November 22, 1892.)

1. WITNESS—CREDIBILITY—CONTRADICTION.
    Where an employe of a party to a suit testifies that his intent in sending a certain bill of lumber was only to give information of what lumber had been sent, since such testimony is to a certain extent contradictory to the bill itself, which is evidence, though not conclusive evidence, of a sale, the credibility of the witness is for the jury.

2. APPEAL—DECISION—EFFECT ON SUBSEQUENT TRIAL.
    Though the court of appeals, when the case was formerly before it, said that there was a clear preponderance of evidence in favor of defendants' contention, but that it would not feel at liberty to disturb a verdict on that

issue, yet it cannot be claimed that this meant to imply that the general term could have properly reversed the judgment as not supported by the evidence, in view of the fact that the court of appeals had decided. on a former appeal, when the evidence was practically the same, that the question in controversy should have been submitted to the jury, and that a nonsuit was improperly granted.

3. BAILMENT—EVIDENCE.

In an action to recover for lumber which H. had assigned to plaintiffs, and which it was alleged defendants had converted, it appeared that H. agreed to build two boats for defendants, the title to which, if completed, was to remain in H., and defendants were only obliged, under the contract, to take them on inspection and approval. Subsequent to the contract, H. ordered the lumber in suit from defendants, which was sent, and also shortly afterwards a bill charging the lumber to H. as on a sale. There was evidence that, prior to these transactions, H. had paid cash for lumber obtained from defendants, and that, in a letter to him, defendants' manager agreed to give him credit for such lumber as he bought of defendants. Defendants' evidence was to the effect that they bought lumber for the purpose of building boats for themselves, and furnishing other builders along their canal, and that H. was not a purchaser, but a bailee, of the lumber; the agreement being that the price of what H. had was to be deducted from the contract price of the boats when completed. *Held,* that the question whether the transaction was a bailment or a sale was properly submitted to the jury.

Appeal from circuit court, Ulster county.

Action by Abel A. Crosby, Charles Reynolds, and Grove Webster, survivors of Artemas Sahler, deceased, against the president, managers, and company of the Delaware & Hudson Canal Company, to recover damages for the alleged wrongful taking and conversion of a large quantity of lumber. From a judgment for plaintiffs, entered on a verdict, defendants appeal. Affirmed.

For former reports, see 40 Hun, 637, mem.; 8 N. Y. Supp. 936, mem., reversed by 23 N. E. Rep. 736; 13 N. Y. Supp. 306, reversed by 28 N. E. Rep. 363.

Argued before HERRICK and PUTNAM, JJ.

F. L. & F. A. Westbrook, (F. L. Westbrook, of counsel,) for appellants.

Lawton & Stebbins, (S. L. Stebbins, of counsel,) for respondents.

PUTNAM, J. The lumber, to recover the value of which this action was brought, was originally owned by the defendants; and the burden was upon the plaintiffs, on the trial, to show a sale thereof from the defendants to the Harndens. The question to be determined is, was there sufficient evidence of such sale to submit the question to the jury, or, as the appellants insist, should the court below have granted defendants' motion for a nonsuit? The trial court held that to grant such a motion "would be invading the prerogatives of the jury." A careful consideration of the evidence given upon the trial, and of the opinion delivered by the appellate court upon the former trial, has led me to believe that the disposition of the case made by the court below was correct. The case has been tried four times. On the second trial a nonsuit was granted; and, the judgment entered thereon being affirmed by the general term, (8 N. Y. Supp. 936, mem.,) an appeal was taken to the court of appeals. That court reversed the judgment, and ordered a new trial, (23 N. E. Rep. 736,) holding that the question of fact, as to whether the

transaction between the defendants and the Harndens was a bailment or sale, should have been submitted to the jury.

An examination of the opinion delivered by the court of appeals, and the evidence contained in the case on the second and fourth trials, shows that there was no substantial difference in the testimony given upon said trials, except as below stated.    On the last trial the witness Larter was allowed to testify as to his intent in sending the bill for the lumber to the Harndens, and evidence was given of the general custom of defendants in furnishing this particular kind of lumber to builders, which is claimed by appellants not to be in on the second trial.    But, on said last-named trial, Larter swore that he sent the bill, "so as to give them information of what lumber had been sent;" also: "Such lumber as they [the Harndens] required for the purpose of building the boat, they furnished, and it was deducted from the price of the boat.    That was the understanding between them.    I can't say, to my own personal knowledge, there was any special announcement, any other than that had always been the custom with them and with others.    That had been the custom in dealing with the Harndens,—furnishing them lumber for the company's boats, and for no other purpose, and to deduct the cost of that lumber from the purchase price of the boat."    Again: "The arrangement between the canal company and the Harndens * * * was the same as the company made with all the other builders.    The company bought the lumber * * * for the purpose of building boats for themselves, and furnishing builders along the canal. * * * That had been done with the Harndens before the lumber in question was furnished, and the amount would be deducted from the contract price of the boat."    It will thus be seen that the custom of defendants prior to the transaction in question, both with the Harndens and with others, was shown on the second trial.    In the opinion of the court of appeals, it is said that "the custom of the defendants to supply lumber only for use in its boats, and to take the value out of the price of the boats, does not seem necessarily inconsistent with a sale."    Thus the appellate court assumed that such a custom was proved on the trial. Therefore, in fact, the only evidence given on the last trial, except to amplify that produced on the second, was as to the intent of Larter, which was not fully shown upon the former trial.    But Larter was an employe of the defendants, and his testimony as to his intent was to a certain extent contradictory to the bill sent by him to the Harndens, which bill, as held by the court of appeals, was evidence of the sale, though not conclusive.    Hence the question of the credibility of Larter was for the jury.    Kavanagh v. Wilson, 70 N. Y. 177; Elwood v. Telegraph Co., 45 N. Y. 553, 554; Koehler v. Adler, 78 N. Y. 287. Therefore, as the only substantial difference between the evidence on the fourth trial from that produced on the second was made by the evidence of a witness whose credibility, under the circumstances, had to be submitted to the jury, the holding of the court below in reference to granting the motion for a nonsuit and denying the motion for a new trial must be deemed sustained by the decision of the court of appeals in this case, as reported in 119 N. Y. 334, 23 N. E. Rep. 736.

It is suggested that in the opinion delivered by the court of appeals when this case was last before it, (128 N. Y. 641, 28 N. E. Rep. 363,) this language is used: "The clear preponderance of evidence is in favor of this contention [defendants' claim that the transaction in question was a bailment or a conditional sale,] but we should not feel at liberty to disturb the verdict upon this issue." Again, "the evidence scarcely leaves room to doubt that the defendants furnished and the Harndens received the lumber on the understanding that it was to be used only on the construction of the two boats." Under the circumstances, it cannot be deemed that the learned judge who delivered the opinion of the court meant to imply that the general term could have properly reversed the judgment as not supported by the evidence, because, as stated by appellants' counsel, on the third trial, so reviewed by the court of appeals, substantially the same testimony was given as on the second. Therefore, the court of appeals, having determined that on the former trial it was error not to submit to the jury the question whether the transaction was a bailment or a sale, cannot have intended to be understood that on substantially the same evidence the same question was not properly submitted to the jury on the third trial. As an original question, I should be of the opinion that the disposition of the case made by the court below was a proper one; that whether the transaction between the defendants and the Harndens was a bailment or sale was, on the evidence in the case, a question of fact, and therefore to be submitted to the jury. The Harndens, in November, 1884, agreed to build two boats for defendants. The contract did not oblige them to buy lumber of the latter. The title to the boats, if completed, would remain in the Harndens. The defendants were only obliged, under the contract, to take them on inspection and approval. Subsequent to the contract for making the boats, the Harndens ordered the lumber in suit, which was sent, and shortly afterwards a bill charging the lumber to the Harndens as upon a sale. There was evidence that prior to this transaction the Harndens had paid cash for lumber obtained of defendants, and that, in a letter written to them by Coe S. Young, defendants' manager, he had agreed to give them credit for such lumber as they bought of defendants.

It is claimed by defendants that the title to the lumber did not vest in the Harndens until they put the same in the boats; until that period, their possession being that of a bailee. In other words, that the Harndens did not obtain title to the lumber until they used it on their own boats. While this claim may be correct, I think that the jury could, from the evidence in the case, have found that the effect of the transaction was a purchase on credit, to be paid for by the boats when completed, approved, and accepted. Here was an order for goods, a delivery thereof pursuant to the order, and a bill charging the goods to the Harndens as upon a sale. There was also evidence that the Harndens, prior to the transaction in question, paid cash for lumber, and that the general manager of the company had said he would allow them credit for such lumber as they bought of the company. There was evidence in the case indicating a sale. The custom of defendants to supply

lumber only for use in its boats, and to take the value out of the price of the boats, is not held by the appellate court necessarily inconsistent with the sale. I do not see, under the circumstances, how the case could properly be taken from the jury.

It is urged that the trial court erred in declining to charge "that if the jury find that the evidence given by Larter, that the bill sent to the Harndens November 24, 1882, was sent only as a memorandum of the quantity and of the quality of the lumber, and its value, is true, the bill is not an admission that the lumber was sold to the Harndens." Larter in fact testified as follows: "I sent the Harndens the bill, so that they might know the lumber had been shipped in the quantity and amount they were to account for in the spring, when the boat was delivered, to be taken out of the contract price of the boat.  *  *  *  I did not send it with any other intent or purpose than that which I have stated." The question is whether, assuming the evidence that Larter did give was true, the court erred in refusing to charge that the bill was not an admission that the lumber was sold to the Harndens. I think the request of the appellants was properly denied. Larter's statement of his intent in sending the bill is not necessarily inconsistent with the sale of the lumber. All he says was he sent the bill so that they might know the lumber had been shipped in the quantity and amount they were to account for when the boat was delivered, to be taken out of the contract price. If it was a sale, he would have had the same intent. They were to account for the lumber, and it was to be taken out of the price of the boats. The intent of the witness, as he states it, was consistent with the sale of the lumber on credit, to be paid for out of the contract price of the boats. It does not necessarily contradict the admission contained in the bill, and hence the court properly refused to charge as requested.

Some other rulings of the court were claimed to be erroneous. I do not think that the exceptions thereto require discussion, or call for a reversal of the judgment.

The judgment should be affirmed, with costs.

HERRICK, J., concurs.  MAYHAM, P. J., not acting.