(40 App. Div. 462.)

BENDHEIM v. HERTER.

(Supreme Court, Appellate Division, First Department. May 19, 1899.)

1. WRITTEN CONTRACT—MODIFICATION BY PAROL—QUESTION FOR JURY.

The defense to an action on a bond secured by a second mortgage was that the obligee had agreed in writing to extend it if the obligor would buy the premises on the foreclosure of the first mortgage, and execute a new mortgage thereon, and that subsequently this agreement had been modified by parol so that a third person was to buy the premises and execute the mortgage, and that the agreement as modified had been complied with. The obligee admitted the making of the oral agreement, but claimed it was made prior to the written one, and had been merged in it. *Held*, that the question whether the written agreement had been modified by parol subsequent to its making was for the jury.

2. TRIAL—RIGHT TO GO TO JURY—WAIVER.

By asking the direction of a verdict in his favor, a litigant does not lose his right to go to the jury on disputed questions of fact, in case his motion be refused.

Appeal from trial term, New York county.

Action by Adolph M. Bendheim against Maria Anna Herter. From a judgment for defendant and from an order denying a new trial, plaintiff appeals. Reversed.

The action was brought to recover $2,060, the amount of principal and interest due upon a bond made by the defendant, secured by a second mortgage upon certain premises. At the time of the agreement hereinafter referred to, the mortgaged premises had been foreclosed under a first mortgage thereon, and were about to be sold under the decree of foreclosure. The defense set up was an agreement entered into between the duly-authorized agents of plaintiff and defendant, whereby the plaintiff promised to extend the time of payment of the bond in suit until August 1, 1899, upon the defendant's agreement to purchase the property at the foreclosure sale, and thereupon, with her husband, to execute and deliver to the plaintiff a new bond and mortgage for the same amount and upon the same terms as the bond and mortgage sued on. The new bond and mortgage were to be subordinate to a new first mortgage, not exceeding $20,000. The agreement in question was in writing, and its execution is not disputed by either of the parties. Defendant claims, however, that, subsequent to the delivery of this agreement, a conversation was had between the agents of the respective parties, whereby the plaintiff agreed that the premises should be bought in at the foreclosure sale by one Ellinger, a brother-in-law of the defendant, and the new bond (and second mortgage) executed by him, provided that she (defendant) would, in addition thereto, give plaintiff her collateral bond for the same amount. Plaintiff's agent denies that any such conversation was had subsequent to the delivery of the written agreement above referred to, but admits that he had a conversation of a somewhat similar tenor with the defendant's husband a few days prior thereto. Upon the foreclosure sale, Ellinger bought in the premises, and subsequently tendered to the plaintiff a bond and mortgage executed by himself, and also a collateral bond executed by the defendant, in conformity with the written agreement, as (upon the defendant's contention) modified by parol. Plaintiff refused to accept the same, and brought this suit upon the original bond. At the close of the trial, both parties moved for the direction of a verdict. The court denied the plaintiff's motion, and announced its intention to direct a verdict for the defendant. Before the actual direction, however, the plaintiff asked to be allowed to go to the jury upon the disputed fact as to the alleged oral modification of the written agreement. This request was refused, and the plaintiff excepted to the refusal. The direction was thereupon given, and the jury accordingly rendered a verdict for the defendant.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Charles Goldzier, for appellant.
John J. Coffin, for respondent.

BARRETT, J.   We need not consider the appellant's objections to the validity either of the written agreement or of the alleged parol modification thereof.   We have no doubt, however, that, upon the fully-executed performance of such an agreement by the defendant, the plaintiff was correspondingly bound by his promise of an extension.   But, of course, he was not bound by the parol modification, unless he assented thereto, nor unless the premises were purchased by Ellinger in reliance upon such assent.   Now, there was a direct issue of fact upon the latter head.   If the conversation to which the defendant's agent testified took place (as the plaintiff's agent said it did) at a date prior to the execution of the written agreement, it was merged in the latter, and the latter consequently governed.   But, if subsequent thereto, the written agreement was, in the single particular in question, modified.   Whether the plaintiff agreed to the alleged modification was therefore a question of fact, to be determined by the jury upon conflicting evidence.   The learned trial judge was correct in refusing to direct a verdict for the plaintiff.   He erred, however, in directing a verdict for the defendant.   He should have submitted to the jury the question as to whether there was a parol modification of the written agreement.   The plaintiff did not, by asking for a direction, lose his right to go to the jury upon this question of fact.   He claimed that right before the verdict for the defendant was actually directed, and he was not precluded by his previous motion from claiming that right.   Koehler v. Adler, 78 N. Y. 287; Shultes v. Sickles, 147 N. Y. 704, 41 N. E. 574; Clason v. Baldwin, 152 N. Y. 204, 46 N. E. 322.

The judgment should be reversed, and a new trial ordered, with costs to abide the event.   All concur.