By the Court.
Plaintiff brought an action in the common pleas court of Putnam county against defendant for damages on account of injuries claimed to have been sustained through the negli *496 gence and carelessness of defendant. To the petition was filed an answer consisting of a general denial and the defense of contributory-negligence. The charge of contributory negligence was denied by reply.
The case went to trial to a jury, and, at the close of all the evidence, defendant moved the court to instruct the jury to return a verdict in its favor, and, thereupon, plaintiff moved for a directed verdict in his favor. These two motions were presented to the court and the motion of defendant was overruled. Thereupon, a request was made by defendant that the case be submitted to the jury for its determination on the evidence, which request was refused. The court then sustained the motion of plaintiff for a directed verdict in his favor, and the jury found for him in an amount directed by the court. Upon the overruling of the motion for a new trial by defendant, judgment was rendered in favor of plaintiff in the amount found by the jury in the directed verdict.
Error was prosecuted to the circuit court by the defendant in error herein, and that court reversed the judgment of the court of common pleas upon the sole ground that the court had erred in refusing the request of the defendant below to submit the cause to the jury on the evidence after its motion to direct a verdict at the close of all the evidence had been overruled, the circuit court finding no further error in the record.
Plaintiff in error is seeking a reversal of the judgment of the circuit court, and we shall refer briefly to the cases cited in support of his. contention.
*497 In the case of Strangward v. American Brass Bedstead Co., 82 Ohio St., 121, a motion was made by each party after the impaneling of the jury for a verdict on the pleadings. The court held that such motion by each party was a waiver of a jury trial and a submission of the case to the court, and that a party could not, as of right, after his motion had been overruled and that of the other party sustained, give evidence in support of his case. The court say that the offer to give evidence came too late, the cause having already' been submitted to the court and the court having rendered its judgment on the motion.
In the case before us, the motions were not made until the close of all the evidence, and the request of defendant that the case be submitted to the jury was made before judgment was rendered.
In First Natl. Bank v. Hayes & Sons, 64 Ohio St., 100, it is held that where at the conclusion of the evidence in the case each party requests the court to instruct the jury to render .a verdict in his favor, the parties thereby clothe the court with the functions of a jury, and where the party whose request is denied, does not thereupon request to go to the jury upon the facts, the verdict so rendered should not be set aside by a reviewing court, unless clearly against the weight of the evidence. .
It will be observed in that case that the party whose motion for a directed verdict was denied did not request the court to submit the case to the jury for its determination upon the evidence. Had such a request been made, it is obvious from the opinion of the court that a different conclusion would have been reached, for the court say that *498 the omission of the plaintiff to ask the court to submit the case to the jury, after it had directed a verdict for defendant, must be taken as a waiver of its right to pass upon the evidence. The court further say that where, at the close of the evidence, each party moves the court for the direction of a verdict in his favor, each party must have intended to submit the case to the court for its finding upon the facts as well as the law.
In Koehler v. Adler, 78 N. Y., 287, followed and approved by later New York cases, it is held that when both parties ask for a directed verdict in their favor, respectively, it will be assumed that they intend to waive the right to a submission to the jury and consent that the court shall decide the questions of law and fact involved; but the court say that this presumption is repelled when the party whose request is denied thereupon asks to go to the jury upon the questions of fact.
This is the holding of practically all the cases on the subject. Applying it to the case under consideration, it follows that defendant below was entitled to a submission of his case to the jury on the facts, and the trial court, having denied it this right, committed prejudicial error.
• The judgment of the circuit court in reversing that of the common pleas court is affirmed.

Judgment of circuit court affirmed.

Nichols, C. J., Johnson, Donahue, Newman and Wilkin, JJ., concur.