## NEWTON *against* POPE.
### *Certiorari from a Justice's Court.*

CASE, by *Pope*, the plaintiff below, against *Newton*, the defendant below ; for that *Pope* had hired *Newton* to drive a load, with the horses of the former, to the state of *Connecticut*, in which journey the defendant had misused one of the horses, so that he was nearly ruined. The testimony, on the part of the plaintiff, did not shew any negligence, unskilfulness, or wilful misconduct, in the defendant, by which the horse had been injured ; and the testimony of *C.* and *N.* on the part of the defendant, tended strongly to exculpate him from such a charge. The Justice certified, in his return, however, that he disregarded the testimony of these two witnesses, because he was satisfied, from the manner in which they testified, that they were biased in favour of the defendant. It appeared that the horse was ruined, in consuquence of being galled by his collar, on the journey. The Justice gave judgment for the plaintiff. The other particulars

One hired to drive horses, in whose hands they are injured, is on as favourable a footing as a bailee for hire, who is liable only for negligence, unskilfulness, or wilful misconduct; the burthen of proving which lies on the hirer.

A court, as well as jury, ought to decide according to evidence ; and neither have a right to disregard the testimony of a witness, upon the sole ground of being satisfied that he is biased in favour of the party calling him.

NEW-YORK, lars, material to the points decided, appear in the opinion of
May, 1823. the Court.

NEWTON
v.
POBE.

*Hubbard & Stower*, for the plaintiff in error.

*J. Foote*, for the defendant.

*Curia.* The plaintiff is not entitled to recover, unless the horse was injured through the unskilfulness, negligence, or wilful misconduct of the defendant; and it is incumbent on the plaintiff, to prove the negligence or unskilfulness charged. The defendant stands, at least, upon as favourable a footing as a bailee for hire ; and there is no doubt of the rule in such a case.(a) There is no evidence of negligence or unskilfulness, in this case, even excluding the testimony of the defendant's witnesses ; and, admitting this testimony, the evidence, of ordinary care and skill, is, conclusive. The Justice had no right, entirely and arbitrarily, to disregard the testimony of two unimpeached witnesses, on the ground, " that he was satisfied that they were biased in favour of the defendant." There was no attempt to impeach their characters. The facts sworn to by them, were not contradicted by any other witnesses, either directly or indirectly : nor was there any intrinsick improbability in the narration given by them. It is difficult to establish a rule which shall regulate and limit the discretion of a court or jury, in the degree of credit to be given to the testimony of different witnesses. Much must depend on the particular circumstances of each case. But there is no difficulty in saying, that where (as in this case) the witness is unimpeached ; the facts, sworn to by him, uncontradicted, either directly or indirectly, by other witnesses ; and there is. no intrinsick improbability in the relation given by him ; neither a court nor jury can, in the exercise of a sound discretion, disregard his testimony. It is no less the duty of a court than of a jury, to decide according to evidence. But it is mockery to talk of evidence, if it is discretionary with the tribunal, to which it is addressed, to disregard it, upon the vague suggestion, unsupported by proof, of the bias of the witness.

(a) *Jones on Bailm.* 86 *to* 89. *Millon v. Salisbury,* 13 *John. Rep.* 211.

Judgment reversed.