JOHN KAVANAGH, Respondent, v. HENRY L. WILSON. et al., Appellants.

Where in an action by a real estate broker against the personal representatives of a deceased customer to recover an alleged agreed compensation for effecting a sale, the only witness as to the contract was the son of the plaintiff whose own compensation depended upon plaintiff's success, and where the compensation alleged to have been agreed upon was more than double the usual compensation, and where other circumstances rendered the statement of the witness not entirely free from improbability; *Held*, that the case was a proper one for the jury; and that a refusal to submit the question to the jury, and a direction of a verdict for the amount claimed was error.

(Argued June 5, 1877; decided June 12, 1877.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the county of New York, affirming a judgment in favor of plaintiff entered on a verdict.

The nature of the action and the facts are sufficiently set forth in the opinion.

*Geo. H. Foster*, for the appellants.   The case should have been submitted to the jury.   (*Master* v. *Deyo*, 2 Wend.,

424; *Foshay* v. *Furgeson*, 6 Barb., 33; *Bacon* v. *Town*, 4 Cush., 218; *Basson* v. *Southard*, 10 N. Y., 240; *Heyne* v. *Blair*, 62 id., 19, 23.)

*Wm. J. Kane*, for the respondent. The court was correct in directing a verdict for plaintiff. (7 Wend., 160.)

EARL, J. This action was brought to recover four thousand dollars claimed by the plaintiff to be due him under a special contract as a real estate broker for negotiating the sale of certain real estate for Mr. Poillon, defendant's testator. The contract was testified to by a single witness, plaintiff's son, and there was no other evidence or circumstance in the case tending to prove it. The witness testified that he was a clerk in his father's office, at a salary of $5 per week besides his board and clothing; that he used to draw the contracts of sale, and was sometimes paid extra for that work; that in this case he drew the contract, and was to be paid a fee for the service in case "it went through," by which, I understand, was meant, if the sale was so negotiated that his father and those interested with him earned and received their compensation.

The contract for the sale of the real estate for $75,000 was executed by Poillon and the purchaser, October 14, 1872, and the witness testified that for about two years before that Mr. Poillon was in his father's office talking about the sale of this property nearly every day; that in July, 1872, one of these occasions, he heard Mr. Poillon say to his father, that if he sold or disposed of the property, he would pay him four thousand dollars. He did not state what gave rise to this conversation, nor anything else that was said at that time, and it does not appear that anything was said about the amount of compensation before or after that time.

The real estate negotiated was situated in that part of Westchester county which has since been annexed to the city of New York, and it was proved that the usual commission

charged by real estate brokers for the sale of city property was one per cent, and for the sale of country property two and a half per cent. Treating this therefore as city property, the usual charge would have been $750, and as country property it would have been $1,925.

At the close of the evidence plaintiff's counsel asked the court to direct a verdict for the plaintiff, and defendant's counsel asked to have the question submitted to the jury whether or not Mr. Poillon ever promised or agreed to pay the plaintiff the sum of $4,000 for the services alleged in the complaint. The court declined to submit the question to the jury, and directed a verdict for the plaintiff for the $4,000 and interest, and defendant's counsel excepted.

We are of opinion that the court erred. It is undoubtedly a general rule that when a disinterested witness, who is in no way discredited, testifies to a fact within his own knowledge, which is not of itself improbable, or in conflict with other evidence, the witness is to be believed, and the fact is to be taken as legally established, so that it cannot be disregarded by court or jury. (*Newton* v. *Pope*, 1 Cow., 109; *Conrad* v. *Williams*, 6 Hill, 444; *Lomer* v. *Meeker*, 25 N. Y., 361; *Elwood* v. *The Western Union Tel. Co.*, 45 N. Y., 549.)

But this case is not fairly brought within this rule. Here the witness was not wholly disinterested. He was a son of the plaintiff, engaged in his business and thus biased and interested in feeling. His compensation for drawing the contracts (and how large that was to be does not appear) depended, I infer from the evidence, upon his father's success in getting his compensation as the broker.

The story the witness tells is not entirely free from some improbability. Why did Poillon promise to pay more than double the usual price for the sale of country property? Why was this compensation never spoken of before or after in the numerous conversations heard by the witness? What induced Poillon to make the promise of the large sum, when the usual commission would seem to have been ample compensation for any service to be rendered? Why did he make

the unusual promise to pay the absolute sum in no way dependent upon the amount for which the property might be negotiated? The further fact exists that no one was living who could contradict the witness if he did not testify truly. All these facts and considerations made this a case proper for the jury, and the court erred in refusing to submit it to them.

The judgment must therefore be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.