By the Court.—Truax, J.
—The court charged the jury that a sufficient demand on the defendants for the goods had been proved, and that on that point they were to find for the plaintiffs. To this the defendants excepted. The evidence of a demand is substantially as follows: One of the attorneys for the plaintiffs testified that he went to the Goldsmiths’ place of business ; that he did not see the assignee there, but did see the defendant Louis Goldsmith, and two clerks, and “made a demand, and they said they had no authority in the matter.” This statement he modified somewhat on cross-examination, so that the evidence is very indefinite as to when, and on whom, the demand *103 mand was made ; but it was not made on the assignee nor was it made at his place of business.
The assignee came into the possession of the goods innocently, and therefore it was necessary for the plaintiffs to prove a demand for the property on, and a refusal by him to comply with such demands before they could maintain this action against them (Hall v. Robinson, 2 N. Y. 293; Jessup v. Miller, 2 Abb. App. Dec. 449; Sluyter v. Williams, 31 Super. Ct. 215; Talcott v. Belding, 36 Id. 92; Bliss v. Cottle, 32 Barb. 322).
Whatever evidence there is of a demand was given by one of- the attorneys for the plaintiff. He was not a disinterested witness. His credibility was a question for the jury, and the court was not warranted in withdrawing the question of the demand from the jury upon his evidence alone (Kavanagh v. Wilson, 70 N. Y. 179; Gildersleeve v. Landon, 73 Id. 609).
The learned counsel for the plaintiffs contends that, because the defendant Wertheimer claimed in his answer to own the goods, and because he re-took them from the sheriff, this claim and retaking is inconsistent with any hypothesis that he would surrender them on demand, and obviates the necessity of proving a demand. This position is untenable, and the cases cited by the learned counsel do not sustain the position.
If, in fact, no demand has been made, the plaintiffs cannot recover, and Wertheimer cannot be said to have waived his defense by pleading it.
The evidence shows that the defendants Jacob and Louis Goldsmith had assigned and delivered the goods which they had obtained from the plaintiffs to the defendant Wertheimer before the commencement of the action. This delivery was a conversion of the goods and rendered a demand unnecessary.
The case was submitted to the jury by the court upon the theory that the charge of fraud was proved if the jury believed the Goldsmiths had made false representations as to their solvency to the mercantile agencies, for the purpose *104 of having such representations communicated to the persons from whom they purchased goods, and that such representations were communicated by the said agencies to the plaintiffs, and were made for the purpose of deceiving and defrauding the plaintiffs and others, and did, in. fact, deceive and defraud the plaintiffs. There was no exception to the charge.
The defendants requested the court to charge, “that a purchaser of goods owed no obligation to the seller to communicate his financial condition.” To this the court replied by saying: “He owes no obligations whatever, under such circumstances, except to be honest, and tell the facts, and not fraudulently conceal anything ; and, if he has not told any falsehood and has not fraudulently concealed anything, then there is nothing against him and the plaintiffs cannot recover.”
The defendants also requested the court to charge, that ‘1 a purchaser who received goods on credit need not state to the seller that there has been any change in the financial .condition since the prior dealings.” In answer to this request the court charged: “There is no law that compels him to do it, but if he keeps silent when he ought to speak out, he must take the consequences, and any purchase he makes under those circumstances will be void.” The defendants excepted to each refusal to charge as requested, and to each of the above parts of the charge.
The refusal to charge as requested was not error, because, if for no other reason, the requests were not applicable to the facts of the case.
The evidence shows that the Goldsmiths had dealt with the plaintiffs for some years prior to the purchase of the goods which are the subject of this action, and had paid for all goods they had purchased ; that they had made certain representations to mercantile agencies as to their solvency prior to the purchase" of these goods; that these representations had been communicated to the plaintiffs; that they were false, and the Goldsmiths must have known *105 them, to be false; and that the plaintiffs relied on such representations and were defrauded by them.
It must be presumed that the defendants made the representations to Wood & Co.—the Mercantile Agency—for the purpose of having such representations communicated to the plaintiffs, for their guidance in giving credit to them (Eaton v. Avery, 83 N. Y. 31). Such representations were communicated to the plaintiffs. The case stands, then, as though the Goldsmiths had told the plaintiffs, about four months prior to the time of buying from them that their assets were of the value of about $35,000, and their liabilities only $4,500. This statement was false, and was known by the Goldsmiths, at the time they made it, to be false. The plaintiffs had a right to rely on this statement. They did rely on it. The jury found, under the charge of the court, that the representations were made with the intent to deceive, and that they did deceive the plaintiffs, and there is sufficient evidence to sustain this finding. The plaintiffs had a right to presume that this solvent condition of the said defendants would continue to exist at least for four or five months. If the Goldsmiths fraudulently concealed their insolvency from the plaintiffs, with the intention of deceiving and defrauding the plaintiffs, there was no error in the charge as made.
The plaintiffs were permitted to prove, the defendants objecting and excepting, representations made by the Goldsmiths to other persons, at or near the same time, and of a similar character as those which were communicated to the plaintiffs. This was competent upon the question of fraudulent intent (Miller v. Barber, 66 N. Y. 558).
The judgment and order are reversed as to the defendant Wertheimer, and a new trial is ordered, with costs, to the appellant Wertheimer to abide the event of the action.
The judgment and order against the defendants Jacob and Louis Goldsmith are affirmed, with costs.
O’Gorman, J., concurred.