HENRY MILLER, Respondent, *v.* ALPHONSE V. BENOIT, Appellant.

*Flooding of the tenant on the first floor of a tenement — liability of the tenant above for it where a faucet was left open by him — special damage alleged in the complaint.*

A tenant, occupying the first floor and basement of a tenement, whose property is injured by reason of a flow of water from a tank on the fourth floor, the occupant of which had left the faucet open, is not precluded from recovering damages from the tenant on the fourth floor, because of a promise made by the tenant of the first floor to shut the water off at night in the basement. Such a promise is purely gratuitous, and the failure of the tenant of the first floor to fulfill it will not subject him to the charge of having contributed to the accident resulting from the faucet being left open — certainly in the absence of proof that the tenant of the fourth floor relied upon that promise or habit, and that the water ran out of the tank on account of the failure of the tenant of the first floor to cut it off.

An allegation in the complaint in the action brought by the tenant of the first floor to recover such damages, to the effect that by reason of the flow the plaintiff's store was so flooded that for two weeks he was unable to carry on his business and was put to great labor and expense in repairing his premises and in putting his stock in order, to the end that he might continue his business, whereby he was further damaged to the extent of $200, fairly covers the plaintiff's daily expenses in the conduct of his store during the time he was unable, because of the water, to carry on his business there.

APPEAL by the defendant, Alphonse V. Benoit, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 20th day of November, 1897, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 23d day of November,

1897, denying the defendant's motion for a new trial made upon the minutes.

*P. Q. Eckerson*, for the appellant.

*John A. Mapes*, for the respondent.

BARRETT, J. :

This action was for damages occasioned to the plaintiff's property by reason of a flow of water from a tank on the defendant's premises. The plaintiff was the tenant of the first floor and basement of the premises in question (No. 122 Nassau street), while the defendant was the tenant of the third and fourth floors. The defendant's negligence was clearly established. In fact, it was practically undisputed The flow of water from the tank on the defendant's premises took place on the 27th of June, 1895, between eleven P. M. and midnight. A police officer, hearing a noise in the building, entered the premises and found water flowing from the tank on the fourth floor. The faucet was turned on and the water was running full head. The " faucet," as the officer testified, " was on a pipe which came right from the tank."

The defendant asks for a reversal of this judgment upon several grounds, none of which are, we think, tenable. He contends that the plaintiff's negligence contributed to the damage. It appears that the tank was supplied by a force pump in the basement. Water could there be shut off from the entire upper part of the building by the turning off of a faucet. The claim was, that the plaintiff promised to turn off the water in the basement every night, and that, if this had been done, the flow from the tank above would not have occurred.

There are two answers to this contention. The *first* is, that the plaintiff denied the promise, and that the question of fact on that head was submitted to the jury who found against the defendant. The *second* is, that the plaintiff was under no duty to turn the water off. The only duty imposed upon the plaintiff was that for which he contracted, as between himself and his landlord. The lease contained a covenant that the occupants of the upper stories should, at all proper times, have free passage to the force pump in the basement. The defendant objected to the admission in evidence of this

lease, but it was manifestly competent to show what the plaintiff's duty really was. The object of this force pump was to enable the defendant and the other tenants to pump water up to the upper floors, when the natural pressure was insufficient. The plaintiff had no need of either the force pump or the tank, and his duty was performed when he permitted the defendant and the other tenants to pass through his premises at proper times and to use the force pump for their own purposes. Even if he had promised to shut the water off at night in the basement that promise was purely gratuitous. His failure to fulfill such a promise, even if found against him, would not have been à contribution to the accident resulting from the defendant's gross and inexcusable negligence in leaving his faucet open and simply permitting the water which was in his tank to run out. There was no just relation between this act of negligence and the plaintiff's alleged, but, as we have seen, unproved promise.

The learned judge charged the jury that if the plaintiff promised to turn off the water in the basement each night and was in the habit of doing so, and if the defendant relied upon that promise or habit and the water ran out of the defendant's tank on account of the plaintiff's failure to cut it off below, they should find for the defendant. This charge was certainly as much as the defendant was entitled to, yet he subsequently requested the court to charge as follows :

"If plaintiff, previous to the accident, had notified the defendant that he would turn off the water, and had been accustomed to so turn off the water that it could not flow up to defendant's premises, and neglected so to turn off the water on the night of the accident, and if plaintiff had so turned off the water, the accident would not have occurred, the plaintiff cannot recover."

It will be observed that this proposition entirely omitted the premise that the defendant, in leaving his faucet open, *relied upon the notice.* With that premise the learned judge had already, in substance, charged the proposition. It was not error to refuse to repeat it without the premise. The defendant was surely not justified in leaving his faucet open, because the plaintiff had notified him that he would turn off the water below, or had been accustomed to do so, unless at least he relied upon the plaintiff's notice or habit. There was no error in refusing to charge the proposition as put ;

and the charge as given was more favorable to the defendant than he was entitled to. There was no contract between the plaintiff and the defendant that the former should keep the water shut off from the upper floors at night; and the failure to shut it off, even if proved, which is by no means clear, did not contribute to the flow above. There was, in fact, no *overflow* from the tank. The water simply ran out of it " full head " because of the defendant's neglect to turn the faucet off. When the faucet was turned off by the officer that was the end of the outflow; and it was the end of it whether the water was turned on or off below. Thus the defendant's neglect was the proximate and efficient cause of the injury, and no act or omission of the plaintiff contributed thereto.

There was no error in the learned judge's charge with regard to interested witnesses. The charge on that head is not fully stated in the appellant's points. What the learned judge charged was this : " Further, you may consider how far a witness, who has an interest in the result of the action, may have been led by that interest to depart from the strict observance of the truth, and you are at liberty to reject the testimony of an interested witness, even if uncontradicted, should this seem best to you."

The last sentence is all that the appellant quotes. But the " interested witness " to whom the judge there refers is plainly the plaintiff. There was, in fact, no other witness who had " an interest in the result of the action." The defendant's son, who was also his superintendent, was doubtless interested in feeling. (*Kavanagh* v. *Wilson,* 70 N. Y. 179.) That is, he was not disinterested or free from bias, but there was no evidence that he had a dollar's worth of interest in the result of the action. Plainly, the observation of the learned judge as to the rejection of the testimony of an interested witness related to such an one as he had just spoken of, namely, one who had an interest in the result of the action, and who may have been led by that interest to depart from the strict observance of the truth. The language of the last sentence, standing alone, would, perhaps, have been too broad, but it is quite clear from the context that when the learned judge told the jury that they might reject the testimony of such a witness, " should this seem best," to them he meant should they find that, because of his interest in the result, he had departed from the strict observance of the truth, and the jury, taking all that

was said together, could not have failed to so understand the instruction. The plaintiff, however, was really the only one who had any just occasion to criticise the charge in this respect.

A question is made as to the admission of evidence that the plaintiff's daily expenses in the conduct of his store during the period when he was unable, because of the water, to carry on his usual business there, was fifteen dollars a day. This was objected to upon the ground that there was no such allegation of damage. We find, however, that this item was fairly covered by what is alleged in the 3d paragraph of the complaint, namely, that by reason of the flow the plaintiff's store was so flooded that for two weeks he was unable to carry on his business, and was put to great labor and expense in repairing his said premises and putting his remaining stock in order to the end that he might continue his business, whereby he was further damaged to the extent of $200. This plainly includes the actual daily expenses of his store.

The point that the verdict was excessive is equally without merit. We think it clear from the evidence that the verdict but moderately compensated the plaintiff for his loss. None of the other exceptions calls for special consideration. The case was well tried and fairly submitted to the jury.

No error was committed, and the judgment and order denying the defendant's motion for a new trial should be affirmed, with costs.

Van Brunt, P. J., Rumsey, Ingraham and McLaughlin, JJ., concurred.

Judgment and order affirmed, with costs.