# CHARLESTON.

### KYLE *et al. v.* WAGNER *et al.*

Submitted September 13, 1898—Decided November 26, 1898.

1.  CORPORATIONS—*Board of Directors—Assignment for Benefit of Creditors—Stockholders.*
    The directors of a corporation in this State have no power to direct the assignment of the entire property owned by such corporation to a trustee for the payment of its creditors, without the consent of the stockholders. (p 353).

2.  CORPORATIONS—*Suits Against Officers—Parties.*
    Where suit in equity is brought by certain stockholders against the directors, and such directors, the president and all the stockholders are before the court, it is unnecessary to make the corporation a party by name, the object of the suit being to protect the interest of the stockholders from the unauthorized acts of the directors. (p. 351).

Appeal from Circuit Court, Ohio County.

Bill by Robert W. Kyle and others against Edward Wagner and others. Decree for defendants, and plaintiffs appeal.

*Reversed.*

JOHN J. CONIFF, for appellants.

T. S. RILEY, and HOWARD & HANDLAN, for appellees.

ENGLISH, JUDGE:

On the 10th day of January, 1898, the Wood Bros. Planing–Mill Company, a corporation duly incorporated and organized under the laws of the State of West Virginia, by

Thomas Johns, its president, executed a paper purporting to be a general assignment to Edward Wagner of all its property, real and personal, for the benefit of the general creditors of said company.  Robert W. Kyle and others, who claim to be stockholders of said company, filed their bill in the circuit court of Ohio County against Edward Wagner and others, attacking said deed of assignment as being illegal and void, and praying that the said Wagner, his servants and employes, be restrained and enjoined from exercising any of the powers given him by said deed of assignment, and from exercising any power, control, or possession, by sale or otherwise, over the property of said corporation under said assignment, and that said Wagner, his servants and employes, be enjoined from continuing his possession, control, and management of the affairs of said corporation, and from disposing of or using its funds or property then in his hands, until further order of the court; which injunction was refused by a judge of the circuit court of said county, and the bill, with its exhibits and several affidavits in support thereof, was presented to a judge of this Court, who awarded the injunction.   On April 29, 1898, the cause was heard upon the bill and exhibits, and the several affidavits filed in support of the bill, the demurrer of the defendants, and the separate answer of Edward Wagner, and upon the motion to dissolve the injunction and the agreed statement of facts; which motion, being considered by the court, was sustained, and said injunction dissolved, to which action of the court the complainants excepted, and applied for, and obtained, this appeal.   The only error assigned and relied on by the appellants is that the court erred in dissolving said injunction.

Now, in order to obtain this injunction, the plaintiffs alleged in their bill that on January 10, 1898, the board of directors of said company consisted of five persons, who were also stockholders, viz. Thomas Johns, president of said board, Frank Auber, Theodore Wagner, W. W. Wood, and J. J. Fahey; that W. C. Gardner, who was not a stockholder of said corporation, was at that time secretary of the board of directors; and that on said day said secretary, by verbal notice, without authority from the presi-

dent, and without having stated the purpose of said meeting to said Frank Auber, called together four members of the board of directors, omitting from the call J. J. Fahey; and that on that date the four members of said board met at the office of said company, and passed a resolution directing Thomas Johns, the president of the company, to make a deed of assignment, conveying to an assignee for the benefit of the creditors of said corporation all of its property, real, personal, and mixed, of every kind, character, and description, and authorizing him to make any and all provisions in such deed as he might deem best to protect the interests of the creditors and stockholders of said corporation, and also instructing Thomas Johns, president, to name Edward Wagner as assignee in said deed of assignment. Counsel for the appellees, in their argument, claim--I think, correctly—that the demurrer to the plaintiffs' bill was properly sustained by the circuit court, for two reasons: First, because of the omission to make the Wood Bros. Planing-Mill Company a party defendant; and, secondly, for the reason that, although irreparable injury was alleged, no facts are set forth to constitute such irreparable injury.

Upon the question raised as to want of proper parties, while it is true that, in some instances where a suit is brought by a shareholder to protect his equitable interest in the affairs of a corporation, the corporation has been held to be a necessary party, because the legal title to the property is vested in the corporation. In the case at bar, however, all of the stockholders and directors and the president of the corporation were before the court, and in this way all the interests were represented; and under these circumstances, I think, it was unnecessary to make said corporation a party.

It is also urged as a ground of demurrer that, although irreparable injury was alleged, no facts were alleged to constitute such irreparable injury. When we look to the allegations of the bill, we find that the plaintiffs alleged that the assignee had taken complete possession and control of all the business and property of said corporation, and was completing part of the contracts which it had on hand at the time of the assignment, but had announced

that he would not complete one, and was attempting to sell the contract for erecting two dwelling houses, all of which possession and control was to the exclusion of the stockholders, and, if not restrained, he would dispose of and sell all of said corporation's property.   It is perceived that the acts complained of amount to an entire winding up of the affairs of said corporation, without consultation with or consent of the stockholders, which would surely be regarded as irreparable injury if the stockholders desired to continue business; and we do not consider this ground of demurrer well taken.

The injunction in this case was awarded upon the further ground that the assignment was directed at an illegal meeting by the directors, when one of their number was absent, and had no notice of the meeting; and, although it appears that their action was ratified by a subsequent directors meeting, the question is whether, if the first meeting of directors had been legal and proper in all respects, said directors had the power, under the laws of this State, to direct the assignment of the entire property of their corporation.   I am.aware that it has been held in some states that a board of directors has a right to direct a general assignment for the benefit of creditors. 1 Mor. Priv. Corp., § 513, says: "Upon the same principle, it has been held that the directors of a corporation have no implied authority to wind up the company, or to sell any property which is necessary in order to carry on its business.   Directors are merely agents, and they are appointed for the purpose of managing the business in which the shareholders have agreed to unite.   The value of this business as a commercial speculation, and the advisability of continuing it, are matters which concern those who have embarked in it, and not their managing agents.   But it is the duty of a corporation to pay its debts; and they are justified in using the corporate assets for this purpose, although the company be thereby disabled from carrying on its business, provided they act in good faith, with due regard to the interests of all shareholders.   It has been held that the directors of an insolvent corporation may convey the whole of its assets to a trustee for the payment of creditors,"—citing numerous authorities.   Thompson, in his Commentaries on the Law of Cor-

porations (volume 3, § 3986), says: "There is much authority for the view that the directors of an insolvent corporation may, without the consent of the stockholders, make an assignment in good faith of all its assets to a trustee for the payment of its creditors, though, as the exercise of this power generally has the effect of putting an end to the corporation, its existence is denied by some courts. And, clearly, the directors have no such power where the governing statute prescribes a different mode of winding up the affairs of the corporation and liquidating its debts. The statutory mode is exclusive. The reason is that the statute forms a part of the security to the public, and one of the conditions upon which corporations subject thereto take their chartered powers." In this State we have a statute (sections 56 and 57, chapter 53, Code 1891) which provides for the voluntary dissolution of a corporation by the action of the stockholders; and as these sections provide a different mode of winding up the affairs of the corporation from that of an assignment of its property, by direction of the directors, we hold that the directors in this case, even if their meeting had been properly called and held, had no authority to direct the assignment of the entire property of said corporation without the consent of the stockholders. My conclusion therefore is that the court erred in dissolving the injunction awarded in this cause. The decree complained of is therefore reversed, with costs, and the cause remanded.

*Reversed.*