the defendant at her request. Concededly, the plaintiffs were employed through the defendant's husband to examine the title to premises, to purchase which the defendant had a contract, and for which service the plaintiffs were to be paid $25 and disbursements. Coincidentally with the examination of this title, the plaintiffs, with the knowledge of the defendant, rendered other services respecting a matter of insurance, about a claim as to gas fixtures, and especially in consequence of a suggestion, apparently made through the attorney of the vendor, that the vendor was of unsound mind, so that the contract could not be fulfilled and was void. Apparently the learned justice based his determination upon the theory that these specially mentioned services were within the purview of the original agreement, for in the judgment which he rendered in favor of the plaintiffs he excluded their claim for additional compensation. This was error; for it was testified to that the defendant said to one of the plaintiffs that she wanted him to see that she was properly protected in the transaction, and that services additional to what the express agreement of the parties called for were rendered. Unless contradicted, a promise is to be implied from this that the defendant would pay as much as the labor deserved. The defendant failed to contradict these statements, although she said that she had not been told that the services to be rendered would be charged for extra. The judgment should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(29 Misc. Rep. 332.)

### WEISS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.   October 25, 1899.)

1. STREET RAILROADS—INJURIES TO PASSENGERS.
   A street-railway company is liable for injuries to a passenger occasioned by the negligence of a conductor in pulling the bell, causing the car to start while the passenger is alighting.
2. APPEAL—MUNICIPAL COURTS—DISREGARD OF EVIDENCE.
   A judgment obtained by a disregard of the uncontradicted testimony of two unimpeached witnesses, concerning a matter of which there is no intrinsic improbability, will not be sustained.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Joseph Weiss against the Metropolitan Street-Railway Company. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Hymes, Woytisek & Schaap, for appellant.
Henry A. Robinson, for respondent.

MacLEAN, J. In an action to recover damages for injuries to person and property, alleged to have been caused by the negligence of the defendant, the plaintiff testified that he was a passenger on

an uptown Madison avenue car, belonging to the defendant, on April 29, 1899, about 8 o'clock in the evening, and told the conductor to stop at Seventy-Ninth street; that the car did stop, and, while he was in the act of stepping off, the car rushed forward, and he was thrown to the ground and injured, and the picture he was carrying was destroyed. He was corroborated by one Ubenstein, who says that the car had stopped; that, while plaintiff was in the act of alighting, the conductor pulled the bell, the car immediately started off, and the plaintiff was thrown to the ground. The defendant did not put a witness on the stand, counsel saying: "We have no proof to offer, as we know nothing whatever about this accident." Two weeks later the trial justice rendered judgment in favor of the defendant for $10 costs. This was against the evidence. The defendant was bound to allow the plaintiff reasonable time to alight (Poulin v. Railroad Co., 61 N. Y. 621); and where, as in this case, two witnesses are unimpeached, the facts sworn to by them uncontradicted, either directly or indirectly, by other witnesses, and there is no intrinsic improbability in the relation given by them, neither a court nor jury can, in the exercise of a sound discretion, disregard their testimony (Newton v. Pope, 1 Cow. 109; Kavanagh v. Wilson, 70 N. Y. 177). The judgment should be reversed, and a new trial ordered.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, P. J., concurs. LEVENTRITT, J., takes no part.