## In re SHULTS et al.

### (District Court, W. D. New York.   March 1, 1905.)

### No. 1,513.

1. BANKRUPT—CLAIMS—TRANSFER.

Where one indebted to a bankrupt firm on certain notes took an assignment of a certificate of deposit issued by the bankrupts to his wife, which he claimed as an offset against his indebtedness, the burden was on him to show that the certificate was transferred before the bankrupts suspended payment, and without knowledge of their insolvency.

2. SAME—REFEREES—FINDINGS—CONCLUSIVENESS.

The findings of a referee in bankruptcy as to the date of a transfer of a claim against the bankrupt's estate will not be disturbed on petition to review, unless manifestly against the weight of the evidence.

3. SAME—EVIDENCE.

A referee's finding that a claim against a bankrupt's estate was transferred by the claimant to her husband, with knowledge of the bankrupt's insolvency, for the purpose of enabling the husband to set it off against an indebtedness to the bankrupt, *held* sustained by the evidence.

In Bankruptcy.
See 132 Fed. 573.

C. W. Stanton, for petitioner.
H. V. Pratt, for trustee.

HAZEL, District Judge.   The petitioner, P. J. Rocker, has filed a claim in the sum of $1,944.61 against the bankrupts, who, for some years prior to their adjudication in bankruptcy, were engaged in the business of private bankers.   The claim is chiefly made up and based upon a certificate of deposit issued by said bankrupts on April 17, 1903, for the sum of $1,938.27, payable to the order of M. Lizzie Rocker, wife of the claimant.   The petitioner claims to hold said certificate by reason of a transfer to him by his wife, and that it is a legal set-off against an indebtedness of $1,555, which he owed to the bank at the time it closed its doors, on five promissory notes made by him.

The solution of the questions presented concededly depends upon whether the testimony of the petitioner and his wife regarding the time of her transfer to him of the certificate of deposit is to be believed. The referee, basing his conclusions upon the evidence, found that such transfer was made after the bank suspended payment, and with knowledge of the insolvency of the bankrupts.   Assuming these facts as found by the referee, the disallowance of the petitioner's claim was admittedly proper.   The petitioner, however, contends that important errors were made by an inexperienced stenographer in taking the testimony or in transcribing the stenographic notes.   No special attention need be directed to this point, for it appears that, after the decision was rendered, a rehearing was had before the referee, both sides being heard, and some corrections were made in the testimony.   Subsequently the referee reaffirmed his conclusions upon the facts, and hence the petition for review by this court.

The referee plainly stated in his report that he disregarded the testimony of the claimant upon the disputed point, and it is evident that

he gave no probative force or weight to the asserted corroboration by his wife. From his standpoint, a fair deduction from the record establishes that the transfer of the certificate mentioned was a subterfuge to enable the claimant to offset the same against his liability on certain notes held by his relatives, the bankrupts. Irrespective of the petitioner's testimony at the earlier hearing that the transfer was made a few weeks before the closing of the bank, and the alleged subsequent change in his testimony as to the time of transfer, there was such evident indefiniteness in his declarations that a comparison of the same with the testimony of his wife was justified. Her testimony tended to show that the transfer was made in May, and for the sole purpose of paying a $500 note upon which she was indorser. The note referred to, however, was renewed in the following month of June. The inference that the transfer of the certificate was after the renewal in June is irresistible. The burden of proof rested upon the claimant, and though, as a general rule, the referee would be bound by the positive uncontradicted evidence of the petitioner, still if in his judgment such testimony was so indefinite and his statements so conflicting as to raise doubts of the petitioner's sincerity, then he was justified in disbelieving and disregarding such discredited testimony. The cases hold that a referee must exercise sound judicial discretion in disposing of questions of fact, and his conclusions ordinarily will not be disturbed unless manifestly against the weight of evidence. Such is not the showing here. The question considered was peculiarly within the province of a court who had the important advantage of hearing the witnesses and observing how their testimony was given, thus enabling him to base his conclusions upon the impressions received at the time of giving testimony. This principle clearly appears in Kavanagh v. Wilson, 70 N. Y. 177; Quock Ting v. U. S., 140 U. S. 417, 11 Sup. Ct. 733, 35 L. Ed. 501. Moreover, the petitioner and his wife are not disinterested. The claimant is the son-in-law of Catherine Shults, and brother-in-law of Rose Mark, the bankrupts. Under the circumstances of this case, the referee was not bound to adopt the statements of the petitioner and his wife as to the time when the transfer of the certificate was made. His conclusion that it was after the bank closed its doors was sufficiently supported by the circumstances.

The questions submitted for review are answered in the affirmative.