LILLIAN MELIA, Plaintiff, *v.* SOUTHERN BOULEVARD RAILROAD COMPANY, Defendant.

City Court of New York, Trial Term, Bronx County, March 16, 1936.

*Thomson & McGinty* [*J. C. Delaney* of counsel], for the plaintiff.

*Alfred T. Davidson* [*A. C. Mayo* of counsel], for the defendant.

SCHACKNO, J.   While plaintiff was riding in her automobile along the Southern boulevard the overhead trolley wire of the defendant broke; pieces thereof fell and struck the hood and top of the plaintiff's automobile, burning a hole through the top thereof.   Plaintiff was thrown back in her automobile and received injuries.

At the close of the entire case the court reserved decision upon the defendant's motion to dismiss the complaint; it also reserved

decision on its motion to set aside the verdict of the jury in favor of the plaintiff.

The falling of the trolley wire raised a presumption of negligence on the part of the defendant and calls upon it to explain the surrounding circumstances so as to overcome such presumption (*Clancy* v. *N. Y. & Queens County R. Co.*, 82 App. Div. 563; *Smith* v. *Brooklyn Heights R. R. Co.*, Id. 531; *Braham* v. *Nassau Electric R. R. Co.*, 72 id. 456; *O'Flaherty* v. *Nassau Electric R. R. Co.*, 34 id. 74; affd., 165 N. Y. 624; *Jones* v. *Union Railway Co.*, 18 App. Div. 267), but the burden still rests upon the plaintiff to prove that the accident was occasioned by reason of some fault on its part. (*Plumb* v. *Richmond Light & R. R. Co.*, 233 N. Y. 285; *Cunningham* v. *Dady*, 191 id. 152; *Kay* v. *Metropolitan Street Railway Co.*, 163 id. 447.) In *Plumb* v. *Richmond Light & R. R. Co.* (*supra*, at p. 288), POUND, J., writing for the court, said: " The term ' surrounding circumstances ' in this connection refers not to circumstances directly tending to show lack of care in handling, such as excessive speed, lack of proper control of the car and the like, which tend in themselves to establish plaintiff's case, but only to mere neutral circumstances of control and management by the defendant which may, when explained, appear to be entirely consistent with due care. Shifting the burden of explanation or of going on with the case does not shift the burden of proof. If a satisfactory explanation is offered by the defendant, the plaintiff may rebut it by evidence of negligence or lose his case. On the whole case there must be a preponderance of evidence in favor of plaintiff's contention. (*Griffen* v. *Manice*, 166 N. Y. 188; *Goldstein* v. *Pullman Co.*, 220 N. Y. 549.) "

Defendant called as witnesses its employees; they testified to the control and operation of the trolley car and the inspection and repair of the wire; their credibility was for the jury. (*Schuster* v. *Erie R. R. Co.*, 145 App. Div. 71; affd., 205 N. Y. 569; *O'Flaherty* v. *Nassau Electric R. R. Co.*, 34 App. Div. 74; affd., 165 N. Y. 624; *Volkmar* v. *Manhattan Railway Co.*, 134 id. 418.) It also called two additional witnesses; one of them testified that he was driving his automobile north straddling the trolley track; that the trolley car was ahead of him; that he saw three boys riding on the rear end thereof; that one of the boys lost his footing and took hold of the rope which runs from the overhead trolley pole down to the rear end of the trolley car, and as he did so, he dislodged the trolley pole from the overhead wire, causing it to strike and break the wire; that they then ran away. As to the boys running away from the trolley car, the witness is corroborated by a police officer

and defendant's motorman. The plaintiff offered no rebuttal. As against their testimony as to how the trolley wire broke, there is the testimony of the plaintiff and her brother to the effect that they did not see any boys on the rear end of the trolley car.

Has the defendant rebutted the inference of negligence on its part which arose from the application of the doctrine of *res ipsa loquitur?* The witnesses called by it, other than its employees, were disinterested; their testimony was positive, while that of the plaintiff and her witness was negative; defendant's witnesses were not discredited on cross-examination; their testimony cannot be disregarded. (*Chesapeake & Ohio Ry. Co.* v. *Martin*, 283 U. S. 209; *Johnson* v. *N. Y. C. & H. R. R. R. Co.*, 173 N. Y. 79; *Second National Bank* v. *Weston*, 172 id. 250; *Hull* v. *Littauer*, 162 id. 569; *Kavanagh* v. *Wilson*, 70 id. 177; *Lomer* v. *Meeker*, 25 id. 361; *Chapin-Owen Co.* v. *Yeoman*, 233 App. Div. 492; *Matutinovich* v. *N. Y. Central R. R. Co.*, 182 id. 451; *Fraser* v. *State of New York*, 112 Misc. 19.)

In *Kavanagh* v. *Wilson* (*supra*, at p. 179) the court said: " It is undoubtedly a general rule that when a disinterested witness, who is in no way discredited, testifies to a fact within his own knowledge, which is not of itself improbable, or in conflict with other evidence, the witness is to be believed, and the fact is to be taken as legally established, so that it cannot be disregarded by court or jury. (*Newton* v. *Pope*, 1 Cow. 109; *Conrad* v. *Williams*, 6 Hill, 444; *Lomer* v. *Meeker*, 25 N. Y. 361; *Elwood* v. *The Western Union Telegraph Co.*, 45 N. Y. 549.) " In *Lomer* v. *Meeker* (*supra*, p. 363) the court said: " The positive testimony of an unimpeached, uncontradicted witness cannot be disregarded by court or jury arbitrarily or capriciously. They are bound to believe, for judicial purposes, such testimony, and it would, in an instance like this, be the clear duty of the court to set aside the verdict of a jury founded upon a disbelief of clear, uncontradicted and undisputed evidence." In *Matutinovich* v. *N. Y. Central R. R. Co.* (*supra*, at pp. 453, 454) the court said: "All the authorities agree that there must be something more than the testimony of witnesses that they did not hear the signal in order to give such testimony any probative force. The latest declaration of the Court of Appeals on this subject is contained in *Foley* v. *N. Y. C. & H. R. R. R. Co.* (197 N. Y. 430), where that court cites with approval from the opinion in *Culhane* v. *N. Y. C. & H. R. R. R. Co.* (60 N. Y. 133) as follows: ' The two witnesses for the plaintiff merely say they did not hear the bell, but they do not say that they listened or gave heed to the presence or absence of that signal. The judge in his charge, says they listened, but the statement is not borne out by the evidence. As against posi-

tive, affirmative evidence by credible witnesses to the ringing of a bell or the sounding of a whistle, there must be something more than the testimony of one or more that they did not hear it, to authorize the submission of the question to the jury. It must appear that they were looking, watching and listening for it, that their attention was directed to the fact, so that the evidence will tend to some extent to prove the negative.' "

My considered opinion is that the defendant has met the burden of explanation and that the plaintiff has failed to prove that the accident was occasioned by reason of some fault on the defendant's part. For the foregoing reasons I am constrained to grant the motions made by the defendant.