Beckley National Exchange Bank, *Admr. v.* Provident Life & Accident Insurance Company

(No. 8798)

Submitted February 21, 1939. Decided March 21, 1939.

*Ashworth & Sanders,* plaintiff in error.
*Sayre & Bowers,* for defendant in error.

Hatcher, Judge:

The essential question in this case is whether C. B. Pusey met his death by *accidental means,* under an insurance policy providing for double liability if death was

caused by external, violent and accidental means. A verdict for double liability was confirmed by the circuit court.

The evidence concerning the Pusey fatality, not opposed to probabilities and about which there are no contradictions nor specific discrediting circumstances, follows. Mr. Pusey came to the residence of the Starkeys, his tenants and close neighbors, about four-thirty P. M., where he ate supper, and remained until about seven-ten. Five minutes later he was shot and killed by Mrs. Pusey on the porch of the Starkey residence. In the meantime, he had gone to his own home where Mrs. Pusey had prepared and kept waiting supper. Hers is the only testimony as to the events leading to the tragedy. When she learned that he had eaten at the Starkeys, she called Mrs. Starkey "a name" and asked why he did not stay at home and away from the Starkeys. Thereupon, Mr. Pusey demanded that Mrs. Pusey apologize to Mrs. Starkey and physically propelled Mrs. Pusey, she resisting, to the Starkey residence to make her do so. During the struggle in the Pusey home, Mrs. Pusey secured a revolver, but he prevented its use until on the steps of the Starkey residence. A rent in her dress, a bruised wrist and a badly bruised knee mutely supported her narrative. It does not appear that she was interested in the result of this case. The jury should not have disregarded her testimony. "It is undoubtedly a general rule that when a disinterested witness, who is in no way discredited, testifies to a fact within his own knowledge, which is not of itself improbable, or in conflict with other evidence, the witness is to be believed, and the fact is to be taken as legally established, so that it cannot be disregarded by court or jury." *Kavanagh* v. *Wilson,* 70 N. Y. 177, 179. Accord: *Vintroux* v. *Simms,* 45 W. Va. 548, 31 S. E. 941; *State* v. *Hurst,* 93 W. Va. 222, 116 S. E. 248; *Fleishhacker* v. *Portland News Pub. Co.,* 158 Ore. 476, 77 P. (2d) 141; *Miller* v. *Panhandle Co.* (Tex.), 35 S. W. (2d) 194; *Ross* v. *Board,* 106 Mont. 486, 494-5, 80 P. (2d) 362; *James* v. *White Truck & Transfer Co.,* 1 Cal. App. (2d) 37, 36 P.

(2d) 401; Annotation, 4 A. and E. Ann. Cas. 982; 23 C. J., Evidence, section 1791; 5 C. J. S., App. and Error, section 1647 b.

Plaintiff takes the position that when death is shown to have occurred from external and violent means, even gunshot wounds, an accident will be presumed. Unfortunately, our case of *Martin* v. *Ins. Co.*, 106 W. Va. 533, 540, 146 S. E. 53, supports that position without qualification. The better rule, as stated in one of the citations in the Martin case, is " * * * where death by *unexplained* violent external means is established, *prima facie* proof is thereby made of the fact that the injuries were accidental * * *." 9 A. and E. Ann. Cas., 919. Here the cause of death was explained. There was no place for presumption; the case must be judged on the facts. *Burge* v. *Ry.*, 244 Mo. 76, 95, 148 S. W. 925; *Dwight* v. *Hazlett,* 107 W. Va. 192, 147 S. E. 877, 66 A. L. R. 102; *First Nat. Bank* v. *Tri-State Equipment and Repair Co.*, 108 W. Va. 686, 152 S. E. 635; Jones Comm. on Ev. (2d Ed.), section 32 on p. 62.

Upon the trial of Mrs. Pusey for killing her husband, a conviction of manslaughter was sustained here, this Court saying: " * * * the defendant was terribly enraged by the conduct of her husband toward her as he dragged her from her home and sought brutally to force her into the Starkey home. Naturally, she was humiliated and angered. The jury thought she fired the fatal shots in heat of passion. * * * We think the jury correctly appraised the situation." *State* v. *Pusey,* 118 W. Va. 95, 98-9, 188 S. E. 745, 746. The evidence is substantially the same now, and again it impels the opinion that his treatment of her was humiliating and brutal. When one, committing a humiliating and brutal assault upon another, is killed, the killing is a natural sequence and not an accident. 5 Couch Cyc. Ins. Law, section 1158 and cases cited.

The judgment is reversed and the case remanded.

*Reversed and remanded.*